[Civ. No. 6977. Second Appellate District, Division One.—January 8, 1932.]

THE PEOPLE, Appellant, v. H. W. HAWLEY et al., Respondents.

[Civ. No. 6978. Second Appellate District, Division One.—January 8, 1932.]

LOS ANGELES ROCK & GRAVEL COMPANY (a Corporation), Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants.

[Civ. No. 6979. Second Appellate District, Division One.—January 8, 1932.]

LOS ANGELES ROCK & GRAVEL COMPANY (a Corporation), Respondent, v. GEORGE E. CRYER et al., Appellants.

Erwin P. Werner, City Attorney, and Frederick von Schrader, Deputy City Attorney, for Appellants.

Charles H. Mattingly for Respondents.

BISHOP, J., *pro tem.*—In each of the above-entitled actions a motion to strike the cost bill of the Los Angeles Rock & Gravel Company was made and denied. From the order (called "judgment") denying the motions to strike in each of these cases appeals were taken. By stipulation in this court, the three appeals were consolidated for hearing; "based upon the fact", the stipulation recites, "that the appeals taken in said causes all involved the same point".

Each of the motions made in the court below was noticed "upon the grounds that said Memorandum of Costs and Disbursements was not filed and served, as required by section 1033 of the Code of Civil Procedure". An affidavit

by one of appellant's counsel was filed with the notice and in support of each motion, reciting that at the time of the service of the memorandum (a copy being received) the original had as yet not been filed. No other fact was set forth. A memorandum of points and authorities accompanied the notice of motion, and the only rule of law which it suggested had been violated, was that a cost bill must be first delivered and then served. There is, therefore, nothing in the record to justify the statement in appellant's opening brief that their motions to strike were made on the three grounds: (1) that the cost memorandum was not filed and served as required by sections 1033 *and 1034,* Code of Civil Procedure; (2) that costs were taxed against the city in the first cause of action, although judgment did not go against the city; (3) that three separate cost bills for $1868.47 each were filed, although that was the total sum claimed in all actions. ■ It does not appear from the record that section 1034 was ever mentioned or that the second and third grounds were ever advanced in support of the motion in the court below; but if they were, the lower court was justified in disregarding them because they were not set forth in the notice of motion. (*Mojave etc. R. R. Co.* v. *Cuddeback,* (1915) 28 Cal. App. 439 [152 Pac. 943]; *W. H. Marston* v. *Kochritz,* (1926) 80 Cal. App. 352, 359 [251 Pac. 959].)

■ The memoranda of costs, which it was moved to strike, appeared on their face to be and admittedly were for costs on appeal. It was not a ground for striking them, therefore, that compliance with section 1033 of the Code of Civil Procedure, had not been observed for it is section 1034, and not section 1033, which prescribes the procedure for securing costs on appeal. As the point appellants argue, however, could have been urged under either section, we will consider that this point was placed on the grounds set forth in appellant's brief rather than on that shown by the record. ■ So far as necessary to understand the point, we quote from section 1034 of the Code of Civil Procedure. "Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the *remittitur* is filed with the clerk below, deliver to such clerk and serve upon the adverse party a memorandum of his costs. . . . ''

From this language, counsel for appellants conjure the conclusion that unless the filing, or delivery to the clerk, of the memorandum precedes its service, the party claiming costs fails to establish his right to them. We are impressed by the argument—very unfavorably. The section does not warrant the interpretation that the delivery to the clerk must be antecedent to the service, nor would that interpretation justify the ruling that a reverse order of events would fail to secure costs. On no fanciful theory, certainly on no reasonable one, could appellants here say that they had been prejudiced in the slightest because the cost bill was served first, followed ten minutes later, as appears in this case, by the delivery to the clerk for filing. If authority is needed, it may be found in *State* v. *District Court,* (1930) 86 Mont. 358 [284 Pac. 125]. The court did not err in denying the motion.

Although, for the reason already given, appellants are not in a position to urge the remaining points appearing for the first time in their opening brief, lest it seem that an injustice is being done the city of Los Angeles by reason of the limited content of the notices to strike the memoranda of costs, we call attention to two matters appearing of record. ▮ In action numbered Civil 6977, the nominal plaintiff is the People of the State of California; the city of Los Angeles is not named a party. Costs were adjudged to be paid by the city. The nominal appellant is the People, not the city. If the actual plaintiff-appellant is the People and not the city, it is not affected by the judgment for costs against the city, and its appeal is without merit. If the plaintiff-appellant is actually the city suing in the name of the People, the costs were properly assessed, and the appeal is without merit.

▮ As to the point that the same tax bill was filed three times, any harm the city might suffer is cured by the provision of the orders appealed from, that there may be only one recovery. Here again the objection is at best to a matter of form, and not of substance, so far as the city is concerned.

We are forced to conclude that these consolidated appeals were taken for purposes of delay, and not to serve the ends of justice. We know of no reason why the city of Los Angeles, the real appellant, should be treated any

differently from any other party who makes use of the processes of appeal from other than a worthy motive. The orders, called judgments, appealed from are affirmed, and in addition to the costs on appeal otherwise to be taxed against appellant city in actions numbered Civil 6978 and 6979, in each action the city shall be taxed, as costs, the sum of $100.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 4, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 7, 1932.