[Civ. Nos. 10679, 10680. Second Appellate District, Division Two.— January 28, 1936.]

MARIE BERTHA KOEHLER, Appellant, v. GEORGE C. PECKHAM et al., Respondents.

MARIE KOEHLER et al., Appellants, v. GEORGE C. PECKHAM et al., Respondents.

Charles H. Sherrick for Appellants.

Root, Bettin & Painter for Respondents.

GOULD, J., *pro tem.*—These two cases, consolidated for hearing upon appeal, involve the sole question of the legal correctness of the ruling of the lower court in each case granting a motion to dismiss and entering a judgment of dismissal upon the ground that said actions had not been brought to trial within five years after answers filed. Inasmuch as precisely the same question is involved in each case, the only difference between the actions relating to the slight variation in dates when the various papers were filed, it will be sufficient to state the chronology of case No. 10679.

Complaint was filed in the superior court July 21, 1928; answer of defendants was filed May 9, 1930; action was set for trial on its merits for July 7, 1932, and on that date went off calendar; defendants filed notice of motion, dated November 22, 1932, to dismiss for failure to bring to trial within two years after answer filed, which motion went off calendar without hearing.

Thereafter, on August 7, 1935, more than five years after answer filed and seven years after action filed, plaintiff and defendants through their respective attorneys of record entered into the following written stipulation, filed August 15, 1935: "It is hereby stipulated that the above entitled case may be set for trial at any time on or after the 9th day of September, 1935. Counsel further request and stipulate that said cause be set on the same date as case No. 290-097, entitled *Koehler* v. *Peckham,* is set for, as practically the same parties are involved and the same counsel appear as herein.

A similar stipulation to set for trial in said case is being filed as herein.''

Thereafter the case was set for trial for September 12, 1935, but on August 28, 1935, counsel for defendants served and filed notice of intention to dismiss for failure to bring the case to trial within five years ''after answer filed'', which motion was granted and the judgment of dismissal entered from which plaintiff now appeals.

At the time the motion to dismiss was made section 583 of the Code of Civil Procedure, as amended in 1933, provided for dismissal ''unless such action is brought to trial within five years after the plaintiff has filed his action''. Respondents' motion in the lower court was made for failure to bring the case to trial within five years ''after *answer* filed'', the moving party using the language of section 583 as it existed prior to the 1933 amendment. Appellants urge that the judgment of dismissal, based as it was upon a motion predicated upon a ground nonexistent at the time the motion was made, cannot be sustained in any event, for the reason that notice of motion such as this must state the grounds upon which it will be made (sec. 1010, Code Civ. Proc.), and a ground for motion not set forth in the notice may be disregarded by the court. (*People* v. *Hawley*, 119 Cal. App. 548 [6 Pac. (2d) 976].)

But passing without deciding the point as to insufficiency of the motions to dismiss, we are of the opinion that the judgments must be reversed for another reason. Section 583 of the Code of Civil Procedure provides for dismissal within five years after the plaintiff has filed his action, ''except where the parties have stipulated in writing that the time may be extended''. The stipulation of August 7, 1935, quoted above, is a stipulation for extension of time within the meaning of the statute, and under authority of *Rio Vista Min. Co.* v. *Superior Court,* 187 Cal. 1 [200 Pac. 616], it was effective to deprive respondents of the relief sought by their motion to dismiss. The same citation is authority for the proposition that the court is not deprived of jurisdiction by the mere lapse of the five-year period, and the matter of going to trial remains subject to stipulation of the parties until an actual order of dismissal is made.

The judgments appealed from are reversed.

Wood, J., and Crail, P. J., concurred.