[Civ. No. 64. Fifth Dist. May 21, 1962.]

RAY MATTHEWS et al., Plaintiffs and Appellants, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF STANISLAUS, Defendant and Respondent.

Small & Werthimer, Jack C. Small and Hayden C. Covington for Plaintiffs and Appellants.

Frederick W. Reyland, Jr., County Counsel, David G. Dunford, Assistant County Counsel, and Clayton M. Ham, Deputy County Counsel, for Defendant and Respondent.

STONE, J.—This is an appeal from a judgment denying a writ of mandate. Appellant Matthews is the congregation servant or presiding minister of the Modesto West Unit of Jehovah's Witnesses, and appellant Woody is the Watchtower

Study Servant of the same organization. Appellant Woody, as trustee for Modesto West Unit of Jehovah's Witnesses, acquired an interest in Lot 1, Block 10040 of Olympic Tract in the County of Stanislaus, which is zoned R-1-residential. He filed an application for a use permit to build a church on the property and, after a hearing, the planning commission denied the application for a variance to construct a church in the area. The planning commission gave as reasons for its denial:

"(1) The site is inadequate and less than that considered needed for a minimum church use, as well as possible future expansion needs.

"(2) The site is within a self-contained residential subdivision, which would introduce foreign traffic to the detriment of the peace of the inhabitants. That the church would be better located if access was over a major thoroughfare, rather than a neighborhood street."

Appellants Matthews and Woody, following the procedure provided by the ordinance, appealed the denial to the board of supervisors. After a hearing de novo, at which appellants and respondent presented evidence, the board of supervisors upheld the planning commission and denied the application for a variance or use permit. Appellants then sought a writ of mandate in the superior court to compel the Board of Supervisors of the County of Stanislaus to issue the permit. The court issued an alternative writ, and after a hearing entered a judgment by which the alternative writ of mandate was vacated, and the petition for writ of mandate was denied. This appeal followed.

The pertinent sections of the zoning ordinance with which we are concerned, read as follows:

"Section 12.0 *Regulations for single family residential or 'R-1' districts.*

"12.1 The following regulations shall apply in all 'R-1' Districts and shall be subject to the provisions of Section 20 of this ordinance.

"12.11 Uses Permitted: (a) single family dwellings. (b) accessory uses and buildings normally incidental to single family residences."

"Section 20.0 *General Provisions*

"20.1 The regulations specified in this ordinance shall be subject to the following general provisions and exceptions:

"20.11 Uses: . . . (e) Churches, . . . may be permitted in any 'R' district providing a use permit shall first be obtained in each case."

"Section 22.0 *Permits and Variances*

"22.1 Zoning Permits. . . . 22.24 Action by Board of Adjustment: (a) In order to grant any use permit, the findings of the Board of Adjustment shall be that the establishment, maintenance or operation of the use or building applied for will not, under the circumstances of the particular case, be detrimental to the health, safety, peace, morals, comfort and general welfare of persons residing or working in the neighborhood of such proposed use or be detrimental or injurious to property and improvements in the neighborhood or to the general welfare of the County."

▆▆ Appellants question the constitutionality of the regulation of church construction in a residential area, upon the ground the zoning ordinance restricts freedom of religious worship. The constitutionality of this kind of zoning ordinance is so well settled that we need only cite cases deciding the issue in California. The decisions in *Corporation Presiding Bishop, etc. Latter Day Saints* v. *City of Porterville*, 90 Cal. App.2d 656, 660 [203 P.2d 823]; *Minney* v. *City of Azusa*, 164 Cal.App.2d 12, 18 [330 P.2d 255]; and *Tustin Heights Assn.* v. *Board of Supervisors*, 170 Cal.App.2d 619, 630 [339 P.2d 914], have settled beyond cavil that zoning laws as such do not abridge the constitutional rights to freedom of religious worship.

▆▆ Nor is the section of the ordinance governing the issuance of use permits unconstitutional because there are no fixed standards and specifications governing a variance. The provision under attack is 22.24, *supra*. ▆▆ By its very nature a variance is an exception to the fixed standards of a basic and specific zoning ordinance. Therefore the variance provisions need contain no detailed, rigid standards, and necessarily must vest a broad discretion in the planning commission and the appeals board. The questioned constitutionality of a similar ordinance was thoroughly discussed in *Tustin Heights Assn.* v. *Board of Supervisors*, *supra*, at pages 633, 634 and 635. ▆▆ Rather than burden this opinion with a lengthy quotation from *Tustin*, we simply refer to the foregoing citation and hold that for the reasons stated therein the variance permit provisions of the zoning ordinance before us are not unconstitutional by reason of vagueness or uncertainty. (See also *Garden Grove Congregation* v. *City of Garden Grove*, 176 Cal.App.2d 136, 140 [1 Cal.Rptr. 65]; *City & County of San Francisco* v. *Superior Court*, 53 Cal.2d 236, 251 [1 Cal.Rptr. 158, 347 P.2d 294].)

■ Appellants next argue that the planning commission and the board of supervisors discriminated against appellants by applying the ordinance in an unconstitutional manner. This argument rests upon the fact that there are two churches in the same restricted zone, the implication being that the planning commission and the board of supervisors issued use permits to the other churches and therefore discriminated against appellants. We are bound by the record before us, and nothing therein indicates that the two churches were granted use permits under circumstances similar to those presented here. The evidence cited by appellants on this issue consists of conclusions and unsupported statements. The vice of an argument referring to prior events without presenting evidence of the circumstances of those events is disclosed by the answering brief of county counsel that "these two churches were constructed in the Olympic Tract long prior to the enactment of the Stanislaus County Zoning Ordinance, . . ."

■ Finally, appellants argue that the case of *Redwood City Co. of Jehovah's Witnesses, Inc.* v. *City of Menlo Park*, 167 Cal.App.2d 686 [335 P.2d 195], is controlling here. In the *Redwood City* case the ordinance, in addition to general provisions similar to those of the variance ordinance before us, contained specific parking requirements. The church met the parking requirements in *Redwood*, but the planning commission felt that the proposed parking facilities were inadequate regardless of the ordinance. The permit was denied, and the trial court upheld the planning commission. The appellate court, however, held that since the church had met the parking requirements of the ordinance and there was no evidence concerning the other provisions of the use permit ordinance, the permit should have been granted. As the court said, the city was bound by its own ordinance. Thus under the holding in *Redwood*, even though compliance with the ordinance would not have provided adequate parking area, Menlo Park was bound by its ordinance. There is no similarity between the facts as recited in the *Redwood* case and those presented here.

Of significance is the statement in the *Redwood* opinion that the record contained nothing to indicate the church had not complied with all of the provisions of the ordinance relating to issuance of a use permit. In our case evidence was presented to the planning commission and the board of supervisors indicating that there would be inadequate parking space on the lot; that the Olympic Tract has no through

streets; that the proposed site of appellants' church can be reached by only one residential street; that a traffic problem already exists which would be aggravated by the additional traffic if the site were used for a church; that additional traffic would endanger children playing in a neighborhood park adjacent to the proposed site; and that adjoining property values would be depreciated.

Counsel for appellants devote a considerable portion of their brief to reweighing the evidence in an effort to demonstrate an abuse of discretion by the planning commission and the board of supervisors, as well as error by the trial court. Appellants cite evidence in the record which they contend reflects that the planning commission and board of supervisors acted capriciously, arbitrarily and discriminatorily. There is evidence which could be construed to lend some support to appellants' point of view, but it is not our province to reweigh the evidence. Our duty is to review the record to determine whether there is evidence of a substantial nature which supports the decision of the court below. (*Livingston Rock etc. Co.* v. *County of Los Angeles,* 43 Cal.2d 121, 128 [272 P.2d 4]; *Consolidated Rock Products Co.* v. *City of Los Angeles,* 57 Cal.2d 515, 522 [20 Cal.Rptr. 638, 370 P.2d 342].) We find the evidence heretofore summarized, which supports the decision of the planning commission and the board of supervisors, as well as the judgment of the trial court, to be substantial in nature. Reasonable minds might well find that traffic hazards with attendant dangers would be created if the permit were granted. The fact that other reasonable minds might differ does not justify a reversal. We find nothing unconstitutional in the ordinance as written, nor in its application to this particular case.

The judgment is affirmed.

Conley, P. J., Brown, J., concurred.