[Civ. No. 33429. Second Dist., Div. Two. June 26, 1969.]

HOWARD H. TOWLE, Plaintiff and Respondent, v. AGNES M. LEWIS et al., Defendants and Appellants.

Neil R. Lewis for Defendants and Appellants.

Sidney F. Croft for Plaintiff and Respondent.

FLEMING, J.—Appeal from a judgment for $1,000 in a suit by a real estate broker for a commission.

Plaintiff Towle, a licensed real estate broker, had a written agreement with defendants Lewis for a 5 percent commission if he procured a purchaser for defendants' real property. The listing price for the property was $31,000, but the property was sold to a purchaser procured by plaintiff for $28,500. Although plaintiff was entitled to a commission of $1,425, he orally agreed to accept a lesser commission of $1,000, and his agreement was recorded in the escrow for the sale of the property. Plaintiff was never paid his commission by defendants, and he subsequently filed suit in the municipal court for $1,000. Defendants, charging fraud, cross-complained for $15,000 in punitive damages, and because of the filing of their cross-complaint they were able to transfer the cause to the

superior court. At the commencement of trial in the superior court defendants then dismissed their cross-complaint. (The dismissal did not divest the superior court of jurisdiction since it occurred at the trial. (Code Civ. Proc., § 396; *Wexler* v. *Goldstein,* 146 Cal.App.2d 410, 414-415 [304 P.2d 41].) The court gave judgment for plaintiff for $1,000, and defendants appealed.

█ The points raised by defendants on appeal possess little logic and less substance. The law is clear that a sale at the asking price in the listing agreement is not a condition precedent to the broker's right to receive his commission, absent a special agreement to that effect. (*Palmtag* v. *Danielson,* 30 Cal.2d 517, 521 [183 P.2d 265] ; see, generally, 9 Cal.Jur.2d 261.) We conclude that a frivolous appeal has been taken solely to hinder and delay plaintiff's recovery, a conclusion fortified by defendants' earlier manipulation of the legal process to bring about a transfer of the cause from the municipal to the superior court. We therefore assess a $200 penalty against defendants and in favor of plaintiff in addition to costs on appeal. (Rule 26(a), Rules on Appeal.)

The judgment is affirmed.

Roth, P. J., and Wright, J., concurred.

A petition for a rehearing was denied July 25, 1969.