[Civ. No. 22490. Fourth Dist., Div. One. Jan. 23, 1981.]

CITY OF IMPERIAL BEACH, Plaintiff and Appellant, v.
MAURICE ESCOTT et al., Defendants and Respondents.

COUNSEL

Jack F. Fitzmaurice and Vivien C. Fitzmaurice for Plaintiff and Appellant.

Thomas F. Homann and George Haverstick for Defendants and Respondents.

OPINION

KILGARIF, J.*—The City of Imperial Beach (City) filed a civil complaint against defendants, Maurice Escott and Palm Avenue Books, Inc. to enjoin operation of an adult bookstore as a public nuisance. The bookstore was licensed as a retail business by the City. The City contended that the operation of an adult bookstore required a conditional use permit in compliance with sections 19.60.010 and 19.82.050 of the Imperial Beach Municipal Code. City demanded that Escott obtain a conditional use permit but defendants refused to submit an application for a conditional use permit.

City's motions for temporary restraining order and preliminary injunction were denied. Defendants' demurrer to the complaint was sustained without leave to amend, the court finding the requirements of the conditional use permit to be unconstitutional. A judgment of dismissal was entered and the City appeals the rulings of the superior court.

The City contends on appeal (1) the ordinances are a legitimate exercise of their legislative police power, and (2) they must be enforced.

Defendants raise the substantive issue whether a City may constitutionally require a bookstore to obtain a conditional use permit, the

*Assigned by the Chairperson of the Judicial Council.

issuance of which is in the uncontrolled discretion of the City's administrative officials, before a bookseller can exhibit and sell "adult" materials protected by the federal and state Constitutions.

Defendants argue the appeal is frivolous and the judgment below was based on well-established and controlling law. They seek damages pursuant to section 907 of the Code of Civil Procedure for being forced to defend this matter.

A zoning ordinance is a legitimate exercise of police power, and there is much authority for establishment of specific locational regulations for various uses within the designated zone. The courts have approved locational requirements (*American Mini Theatres, Inc. v. Gribbs* (6th Cir. 1975) 518 F.2d 1014), "adult theatres not be located within 1,000 feet of any two other 'regulated uses' or within 500 feet of a residential zone"; *Schroeder v. Municipal Court* (1977) 73 Cal.App.3d 841 [141 Cal.Rptr. 85], "high antennae in residential area"; *Matthews v. Board of Supervisors* (1962) 203 Cal.App.2d 800 [21 Cal.Rptr. 914], "church in residential zone."

■ First Amendment activities necessarily subject licensing ordinances, such as the Imperial Beach ordinance in question, to strict scrutiny. (*Perrine v. Municipal Court* (1971) 5 Cal.3d 656 [97 Cal.Rptr. 320, 488 P.2d 648].)

Section 19.60.010 A, B, C and 19.82.050 are the portions of the Imperial Beach Code at issue in this case.

"*19.60.010 Conditional use permit—Required.* The following described businesses shall only be permitted by conditional use permit in a C-1 zone: A. Adult bookstores; B. Adult motion picture theaters; C. Adult mini-motion picture theaters;

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"*19.82.050 Issuance criteria.* After the public hearing, the planning commission *may*,[*] by resolution, grant a conditional use permit if the commission finds, from the evidence presented in the application or at the hearing, that all of the following facts exist: [*(Italics added.)]

"A. That the proposed use at the particular location is necessary or desirable to provide a service or facility which will contribute to the general well-being of the neighborhood or community;

"B. That such use will not, under the circumstances of the particular case, be detrimental to the health, safety, or general welfare of persons residing or working in the vicinity, or injurious to property or improvements in the vicinity;

"C. That the proposed use will comply with the regulations and conditions specified in this title for such use and for other uses permitted in the same zone;

"D. That the granting of such conditional use will be in harmony with the purpose and intent of this title and the general plan of the city. (Ord. 307 (part), 1972: prior code § 937.12.A)."

This ordinance seeks to regulate the operation of an adult bookstore, and to use its "zoning—conditional use—ordinance" to do what the law says it cannot do under licensing statutes. (*Barry* v. *City of Oceanside* (1980) 107 Cal.App.3d 257 [165 Cal.Rptr. 697]; *Perrine* v. *Municipal Court, supra*, 5 Cal.3d 656, 661-663; *Burton* v. *Municipal Court* (1968) 68 Cal.2d 684 [68 Cal.Rptr. 721, 441 P.2d 281].)

■ Statutes which authorize public officials to license conduct protected by the First Amendment, such as operation of an adult bookstore, must set forth definite, objective guidelines for the issuance of such licenses. Precision of regulation must be the touchstone.

In *Barry*, the city counsel revoked the business license of an adult bookstore on the ground that it was a threat to the public health, welfare and safety, much the same as the ordinance in issue herein. This court held the ordinance in *Barry* was unconstitutionally vague, overbroad and a prior restraint against activity protected by the First Amendment. The danger of censorship and arbitrary suppression inherent in the employment of such imprecise standards is so great that voiding of such regulations is required even in the absence of proof of actual discrimination. (*Burton* v. *Municipal Court, supra*, 68 Cal.2d 684.)

■ The Imperial Beach code section 19.82.050 uses the criteria condemned as unconstitutional in *Barry* and *Burton*. Section A requires that the proposed use contribute to the *general well-being* of the neighborhood or community. Section B requires that said use, under the circumstances of the particular case, not be *detrimental to the health, safety or general welfare of persons residing or working in the vicinity,*

*or injurious to property or improvements in the vicinity.* These sections set up a "subjective" standard incapable of the precise "objective" measurement demanded by *Barry, Burton,* and *Kunz v. New York* (1951) 340 U.S. 290 [95 L.Ed. 280, 71 S.Ct. 312], and *Interstate Circuit v. Dallas* (1968) 390 U.S. 676 [20 L.Ed.2d 225, 88 S.Ct. 1298]. The standards of this ordinance are vague, uncertain and overly broad. *Interstate* held the vice of vagueness is particularly pronounced where *expression* is subjected to licensing.

■ The Imperial Beach ordinance provides that the City "may" grant the conditional use permit if certain findings are made. Appellants torture the interpretation of the word "may." Black's Law Dictionary gives broad leeway in such interpretation: "[C]ourts not infrequently construe 'may' as 'shall' or 'must' to the end that justice may not be the slave of grammar." Without any provision in the ordinance which would dictate that the use of the word "may" is mandatory, we have no problem in following *Dillon v. Municipal Court* (1971) 4 Cal.3d 860 [94 Cal.Rptr. 777, 484 p.2d 945] and *Perrine v. Municipal Court, supra,* 5 Cal.3d 656, 662, which finds the use of "may" as permissive and condemned as vesting an exorbitant quantum of discretion in the city. There is no guarantee that a conditional use permit will issue even if an application met all the conditions of the sections.

The ordinance as written confers unlimited authority to deny any application for an adult bookstore license. No other reading of the provisions of the ordinance is intellectually supportable. We hold Imperial Beach ordinance sections 19.60.010 A, B, C, and 19.82.050 to be unconstitutionally vague, overbroad and a prior restraint against First Amendment protected activity.

Defendants urge that sanctions be imposed against the City under Code of Civil Procedure section 907, which provides "when it appears to the reviewing court that the appeal is frivolous . . ., it may add to the costs on appeal such damages as may be just."

■ A penalty is justified to discourage frivolous appeals and to prevent unnecessary appellate costs to a litigant and to save time for appeals having merit or, where the law is unsettled. Penalties have been justified "when the law is clear" (*Towle v. Lewis* (1969) 274 Cal.App. 2d 376, 377 [79 Cal.Rptr. 124]); "when there is 'no merit' in an appeal" (*In re Marriage of Schwander* (1978) 79 Cal.App.3d 1013, 1022 [145 Cal.Rptr. 325]); and *Parker v. Parker* (1974) 43 Cal.App.3d 610, 614 [117 Cal.Rptr. 707].

A municipality should not be treated differently than any other party who makes use of the appellate process for frivolous purposes (*People v. Hawley* (1932) 119 Cal.App. 548, 551-552 [6 P.2d 976]).

The City in this appeal is trying to circumvent a clear line of consistent, unquestioned and unambiguous decisions from this court (*Barry v. City of Oceanside, supra*, 107 Cal.App.3d 257), the California Supreme Court and the United States Supreme Court. The issue on this appeal is not novel. Appellant has ignored the cases directly on point and presented arguments flying contra to clear holdings in *Burton v. Municipal Court, supra*, 68 Cal.2d 684; *Perrine v. Municipal Court, supra*, 5 Cal.3d 656; *Barry v. City of Oceanside, supra*; and *People v. Glaze* (1980) 27 Cal.3d 841 [166 Cal.rptr. 859, 614 P.2d 291]. This is an abortive attempt by the City to control an adult bookstore.

Judgment on dismissal against the City was entered on January 25, 1980. The City gave notice of appeal on January 29, 1980. *Barry v. City of Oceanside, supra*, 107 Cal.App.3d 257, one of the prime cases controlling this appeal, was published in June 1980, nearly 60 days before the City filed their opening brief. *Barry* dealt with the same subject matter and involved a municipality within the San Diego County, the county in which appellant City is located.

*Burton* and *Perrine, supra*, were argued and cited in each of the superior court hearings. There is little merit in the City's position the *Young, Schroeder, Matthews* cases, *supra*, should be controlling. *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937], mandate the superior court and this court follow established "rules of superior jurisdiction." We have found that *Burton, Perrine, Dillon* and *Barry, supra*, constitute "rules of superior jurisdiction" which we must follow.

Although the appeal is marginally frivolous and has little merit, we assess no sanctions.

Judgment affirmed.

Brown (Gerald) P. J., and Work, J., concurred.

A petition for a rehearing was denied February 11, 1981.