[Civ. No. 20188.   Second Dist., Div. Three.   Nov. 12, 1954.]

JOSEPH EDWIN WHITLOW, Respondent, v. THE STATE BOARD OF MEDICAL EXAMINERS et al., Appellants.

Edmund G. Brown, Attorney General, E. G. Funke, Assistant Attorney General, Dan Kaufman and Howard S. Goldin, Deputy Attorneys General, for Appellants.

S. L. Kurland for Respondent.

VALLÉE, J.—Appeal from a judgment directing the Board of Medical Examiners to vacate its order revoking petitioner's license to practice medicine, to reconsider his case, and to receive and consider additional evidence.

On March 19, 1951, the Board of Medical Examiners revoked the license of Joseph Edwin Whitlow to practice medicine.

Whitlow was not represented by counsel in the proceeding. The board found that Whitlow had been convicted of three violations of section 11165 of the Health and Safety Code in the Superior Court of the County of Ventura, thereby subjecting him to discipline under section 2384 of the Business and Professions Code, and that he had violated section 11163 of the Health and Safety Code in that he had issued prescriptions for narcotics to certain individuals not in the regular course of his practice, thereby subjecting him to discipline under section 2391.5 of the Business and Professions Code.

Whitlow then sought a writ of mandate in the Superior Court of the County of Los Angeles. While that proceeding was pending before Judge Alfred L. Bartlett the Superior Court of the County of Ventura vacated the judgment of conviction of violating section 11165. This order was affirmed on appeal. (*People* v. *Whitlow,* 113 Cal.App.2d 804 [249 P.2d 35].) Judge Bartlett heard the proceeding in mandamus, made findings of fact and conclusions of law, and rendered judgment. He found it was improper for the board to have considered the conviction; it was improper for the board to have considered any evidence relative to the alleged conviction; he could not determine whether the consideration of that evidence may have affected the decision of the board concerning the alleged violations of section 2391.5 of the Business and Professions Code; the matter should be returned to the board for further consideration, omitting the conviction from its consideration. Judge Bartlett further found that in view of the fact he had determined the matter of the alleged charges of violating section 11163 of the Health and Safety Code should be reconsidered by the board, he made no findings of fact concerning those charges. He also found: ''[E]xcept as set out herein, neither the Hearing Officer nor the Board acted arbitrarily nor capriciously and did not commit any abuse of discretion.'' Judge Bartlett concluded: ''The court having concluded that said matter should be reconsidered by the Board, the Court makes no determination concerning the charges of violating Section 2391.5 of the Business and Professions Code.''

The judgment rendered by Judge Bartlett commanded the board to vacate its order and to ''reconsider the case in the light of the Court's Findings of Facts, Conclusions of Law and this Judgment, and that said Board take further action as is especially enjoined upon it by law, but this Judgment

shall not limit or control in any way the discretion legally vested in said Board.''

On March 3, 1953, the matter came on for hearing before the board pursuant to the judgment of Judge Bartlett. The membership of the board had changed after the matter had been previously heard, and four members of the board on March 3, 1953, were not on the board in March, 1951. The attorney general offered in evidence the reporter's transcript of the prior proceeding and asked that it be considered in the light of the instructions of the court, that is: ''that the testimony contained therein in respect to the record of conviction need not and should not be considered, but the other testimony contained therein should be considered.'' Whitlow was then represented by counsel. He objected to the reception of the transcript in evidence on the grounds that four of the members of the board participating in the hearing were not members in March, 1951; that Whitlow had not at the previous hearings been advised of his right to counsel; and that a large part of the transcript contained inadmissible matter. The objection was overruled and the hearing officer advised the board that the matter was before it for reconsideration as to the penalty only, omitting any consideration of the conviction. Counsel for Whitlow then moved to have various parts of the transcript stricken on the ground they were inadmissible. The motion was denied. He then sought to introduce additional evidence as to matters not covered at the former hearing, stating in some detail what the additional evidence would be, and made an offer of proof with respect thereto. The board then went into executive session. On its return to public session the hearing officer announced that the board had adopted a resolution to hear the case on the transcript alone with no additional evidence. The record shows that five members of the board were present at the former hearing and that the four members who were not members in March, 1951, had read the transcript. One member who had been present at the previous hearing then withdrew from consideration of the case. One such member did not participate. The board then found that Whitlow had violated section 11163 of the Health and Safety Code and revoked his license to practice. The matter was passed on by four members who had heard the testimony and four members who had merely read the transcript.

Whitlow thereupon filed a petition for a writ of mandate in the Superior Court of the County of Los Angeles, to which

the board filed an answer. A complete transcript of the proceedings before the board was filed. The mandate proceeding was heard by Judge Frank G. Swain. Judge Swain found that in the proceeding before Judge Bartlett there was introduced in evidence the transcript of the proceedings before the board at its hearings prior to the first order revoking Whitlow's license "as well as other evidence which had not been offered before said Board and which said Board had not considered''; Judge Bartlett had made the findings, conclusions, and judgment, to which reference has been made; on March 3, 1953, the board conducted a hearing pursuant to the judgment rendered by Judge Bartlett; at that hearing the board received in evidence and considered the transcript of the evidence received at the original hearing; the board eliminated from its consideration the proceedings in the Superior Court of the County of Ventura relating to the conviction; the board received no other evidence in its consideration of the case except the findings, conclusions, and judgment of Judge Bartlett; the board refused to allow Whitlow to introduce evidence denying or explaining the evidence received at the preliminary examination in the case in which the conviction was had in the county of Ventura, ''a transcript of which said evidence was a part of the record before the Board''; it was improper for the board to exclude such evidence offered by Whitlow in his defense. Judge Swain concluded that because of the refusal of the board to receive the evidence which Whitlow sought to introduce, the decision of the board should be vacated and the case returned to the board with these instructions: ''That the Board reconsider said case, including the transcript of the proceedings held before the Board on February 27 and March 1, 1951; that said Board further receive and consider any additional competent evidence which petitioner offers in his defense.'' He also concluded that since the matter should be reconsidered by the board, ''the Court makes no determination concerning the charges of violation of Section 2391.5 of the Business and Professions Code; that the Court's judgment herein shall not limit or control in any way the discretion legally vested in the Board.'' Judgment followed in accord with the findings of fact and conclusions of law.[1] The board and its individual members appeal.

---

[1]The judgment reads: ''IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that pursuant to the provisions of Subdivision (e) of Section 1094.5 of the Code of Civil Procedure that said Board vacate and set aside its Order or Decision and reconsider the case in the light of the Court's Findings of Fact, Conclusions of Law and this Judgment; that

■ Appellants contend the court erred in remanding the case back to the board for the purpose of allowing Whitlow to introduce additional evidence. The argument is that the judgment rendered by Judge Bartlett returned the cause to the board for the sole purpose of reconsideration of the case after elimination of the void judgment; that the board did so, and that the matter was then concluded. We are unable to agree with appellants' contention.

Judge Bartlett expressly stated in his findings that he did not make any findings of fact concerning the charges that Whitlow had issued prescriptions for narcotics to certain individuals, not in the regular course of his practice. He further found that it had been improper for the hearing officer and the board to have considered any evidence relative to the alleged conviction. The judgment rendered by Judge Bartlett commanded the board to reconsider the case in the light of his findings and to take further action as is especially enjoined by law. When the board reconsidered the matter it eliminated the conviction but it did not eliminate "any evidence relative to said alleged convictions." As found by Judge Swain, it permitted the testimony taken at the preliminary examination from which the conviction ensued to remain a part of the record, and refused to permit Whitlow to introduce any evidence denying, explaining, or impeaching it. The finding of Judge Bartlett that "except as set out herein" the board had not acted arbitrarily or capriciously or committed any abuse of discretion does not negative the fact that the board had done so in considering the testimony taken at the preliminary examination. The consideration of such testimony was one of the exceptions "set out herein." The board did not reconsider the matter "in the light" of Judge Bartlett's findings. Patently the board abused its discretion.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied November 30, 1954, and appellants' petition for a hearing by the Supreme Court was denied January 3, 1955.

---

said Board reconsider said case, including the transcript of the proceedings held before the Board on February 27 and March 1, 1951, and receive and consider any additional competent evidence which petitioner offers in his defense; that said Board take such action as is especially enjoined upon by law, but this Judgment shall not limit or control in any way the discretion legally vested in this Board."