[Civ. No. 40447. Second Dist., Div. Two. Mar. 22, 1973.]

ROBERT W. FICK, Plaintiff and Appellant, v.
BOARD OF MEDICAL EXAMINERS, Defendant and Appellant.

## COUNSEL

Hanover, Sacks & Schneider and Harvey A. Schneider for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Henry Lewin, Deputy Attorney General, for Defendant and Appellant.

## OPINION

**COMPTON, J.**—Robert W. Fick, M.D., petitioned the superior court for a writ of mandate to review the action of the California State Board of Medical Examiners (Board) in revoking his certificate to practice medicine and surgery.

The action of the Board was based on its findings that Dr. Fick was guilty of unprofessional conduct as defined by Business and Professions Code section 2384 (conviction under statute regulating narcotics or dangerous drugs), Business and Professions Code section 2390 (misuse of narcotics, drugs or alcohol) and Business and Professions Code section 2391.5 (violation of statutes regulating narcotics and dangerous drugs).

The court below ruled that the Board's findings were supported by the evidence adduced in the administrative hearing but nevertheless issued its peremptory writ of mandate commanding the Board to reconsider the penalty imposed. Both sides appeal.

Proceedings against Dr. Fick were instituted by an accusation filed before the Board on March 10, 1969. The accusation charged that Dr. Fick was guilty of unprofessional conduct pursuant to section 2390 (Bus. & Prof. Code) in that he had since the year 1957 used and administered to himself a dangerous drug to the extent that he was dangerous to himself and to the public and that his ability to safely practice medicine was impaired.

Prior to the hearing on the accusation Dr. Fick, on May 26, 1969, pleaded guilty in the Municipal Court of the Beverly Hills Judicial District

to violation of Health and Safety Code section 11165 (issuing false and fictitious prescriptions). As a consequence a supplemental accusation was filed with the Board setting forth the fact of the conviction as well as the underlying factual violation of the statute.

At the hearing which commenced on February 20, 1970 and concluded with the hearing officer's findings on March 17, 1970, a tragic picture of Dr. Fick's addiction to drugs was portrayed. The doctor had lost about 70 percent of his practice because of a failure to meet his appointments for office visits and surgery. As early as October 1968 he was charged in a felony complaint filed in the municipal court with violating Penal Code section 470 (forgery) and was ultimately certified to the superior court as mentally ill. This led to his commitment to the Metropolitan State Hospital, but not before he had issued several false and fictitious narcotic prescriptions which formed the basis for the charges to which he later pleaded guilty.

The hearing officer's findings and conclusions that Dr. Fick was guilty of unprofessional conduct and his proposed decision were adopted by the Board on June 24, 1970. The decision which was effective July 23, 1970 and which became final August 22, 1970 (Gov. Code, § 11523)[1] directed that Dr. Fick's physician's and surgeon's certificate be revoked but execution was stayed and he was placed on probation for five years on condition that he pass an oral examination relating to the practice of medicine and surgery.

On August 15, 1970, Dr. Fick appeared before the Board and failed to pass the examination. Subsequently, a hearing on revocation of probation was conducted and on April 1, 1971 the Board made its decision revoking probation and putting into effect the previously ordered revocation of Dr. Fick's certificate.

This petition for mandate was filed April 26, 1971. The trial court's mandate to the Board to reconsider was based on the conclusion that "[T]he board was not justified in revoking petitioner's certificate to practice medicine and surgery in the State of California, for the sole reason that on September 30, 1971, petitioner's conviction of violating Health and

---

[1]Government Code section 11523 provides in part: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered." Dr. Fick did not petition for reconsideration nor seek judicial review of the June 24, 1970, decision.

Safety Code section 11165, one of the grounds of unprofessional conduct in the Board's decision of June 24, 1971 [*sic*], which placed petitioner on probation, was, pursuant to motion in the Municipal Court, set aside."

This conclusion was based on a municipal court minute order showing that on September 30, 1971, the matter was dismissed "in the interest of justice." No other grounds for the dismissal are set forth in the record.

Penal Code section 1385 provides: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

 The action of the municipal court did not "set aside" Dr. Fick's conviction in a manner which would provide any basis for the superior court to in turn set aside the action of the Board.

The conviction, based on a plea of guilty, had become final. No appeal had been taken from the judgment.

Penal Code section 1018 could not have been invoked because that section only permits withdrawal of a plea of guilty *prior to* judgment. The long delay here between entry of plea and the purported dismissal coupled with complete absence of any clear and convincing evidence of grounds for relief negates any possibility that the proceeding was in the nature of *coram nobis*. (See *People* v. *Shorts*, 32 Cal.2d 502 [197 P.2d 330].)

Finally, and more importantly, the order cannot be construed as a dismissal under section 1385 because it is devoid of any statement of reasons as required by that section. (See *People* v. *Shaffer*, 182 Cal.App.2d 39, at p. 45 [5 Cal.Rptr. 844].)

The purpose for requiring a statement of reasons is to protect the public interest against improper dismissals. The wisdom of such requirement is demonstrated by what has occurred in this case. The chronology of events, i.e., the dismissal occurring after commencement of the action for mandamus suggests that there was a connection between the two actions. More significantly, the superior court was asked to, and did, set aside the action of the Board without knowing what prompted the purported dismissal in the municipal court. The purported dismissal in no way cast doubt on the validity of the original conviction.

Thus we construe the dismissal as an attempt by the municipal court to grant relief under Penal Code section 1203.4.

That section provides in part: "In any case in which a defendant has . . . been discharged prior to the termination of the period of probation, . . . the defendant shall, at any time . . . be permitted by the court to withdraw his plea of guilty . . . and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and he shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted."

■ In reviewing the sanctions imposed by an administrative agency, a court's power is limited to a determination of whether the administrative agency has abused its discretion by arbitrary or capricious action. (*Brown* v. *Gordon,* 240 Cal.App.2d 659 [49 Cal.Rptr. 901]; *Cadilla* v. *Board of Medical Examiners,* 26 Cal.App.3d 961 [103 Cal.Rptr. 455].)

■ At the time the Board issued its original order placing Dr. Fick on probation it acted well within its discretion and the trial court here so found. That action did not retroactively assume the character of an abuse of discretion by a proceeding under Penal Code section 1203.4, some 13 months later.

Dr. Fick's conviction in the criminal case had become final well before the Board made its decision and the Board's original decision had become final and beyond the reach of judicial review at the time of the filing of the petition for mandate. (See fn. 1, *supra.*)

The language of Business and Professions Code sections 2383 and 2384 contains a complete answer to any claim of the retroactive effect of the dismissal under Penal Code section 1203.4. Those sections both state: "The board may order the license suspended or revoked, or may decline to issue a license, *when the time for appeal has elapsed, or the judgment of conviction* has been affirmed on appeal *or when an order granting probation is made suspending the imposition of sentence, irrespective of a subsequent order under the provisions of Section 1203.4 of the Penal Code* allowing such person to withdraw his plea of guilty and to enter a plea of not guilty, or setting aside the verdict of guilty, or dismissing the accusation, information or indictment." (Italics added.) (Also see *In re Phillips,* 17 Cal.2d 55, at p. 61 [109 P.2d 344, 132 A.L.R. 644].) Both *Walker* v. *State Personnel Board,* 16 Cal.App.3d 550 [94 Cal.Rptr. 132], and *Whit-*

*low* v. *State Bd. of Med. Examiners,* 128 Cal.App.2d 671 [276 P.2d 61], relied on by Dr. Fick, are inapposite.

Our conclusion that the trial court in this action erred in basing its remand on the attempted nullification of the conviction is bolstered by the fact that the Board's action was not based solely on the fact of conviction. The Board independently found that Dr. Fick committed a series of violations of Health and Safety Code section 11165, one of which formed the basis for the municipal court conviction.

■ We thus turn to the only order exposed to review in this proceeding—the Board's order which revoked Dr. Fick's probation. In his cross-appeal Dr. Fick asserts that the requirement of an oral examination was an unreasonable condition of probation in that it was not reasonably related to the unprofessional conduct of which he was adjudged guilty. He contends that the question of his competency turned on physical factors rather than factors of mental competency, scholarship, erudition, etc., and that the oral examination required of him was neither fair nor appropriate.

*Morrison* v. *State Board of Education,* 1 Cal.3d 214 [82 Cal.Rptr. 175, 461 P.2d 375], *Yakov* v. *Board of Medical Examiners,* 68 Cal.2d 67 [64 Cal.Rptr. 785, 435 P.2d 553], stand for the proposition that a professional license may be revoked only if the conduct upon which the revocation depends relates to the practice of the particular profession.

*Yakov,* at page 75, noted: "The right to practice one's profession is sufficiently precious to surround it with a panoply of legal protection."

However, it was also stated in *Yakov* that the purpose of an action for revocation of a doctor's certificate is to protect the public and not to punish the doctor.

We need not labor long with this contention. The trial court's finding that the conditions of probation were reasonably related to the matters under consideration by the Board and a sound exercise of the Board's jurisdiction and discretion is amply supported by the evidence. Prolonged and excessive personal use of dangerous drugs with the consequent physical and mental impairment and deterioration of skill, coupled with the abuse of professional trust exemplified by the commission of narcotic law violations, bear eloquent testimony to the necessity for redetermining his professional fitness as a protection to the public.

We note that even absent the findings of misconduct, the commitment

for mental illness alone would have permitted the Board to require an oral examination to determine present fitness to practice. (Bus. & Prof. Code, §§ 2417, 2419.)

The judgment is reversed and the superior court is directed to enter its judgment denying the petition for mandate.

Defendant to recover costs.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied April 4, 1973, and the petition of the plaintiff and appellant for a hearing by the Supreme Court was denied May 16, 1973.