Opinion
SOVEN, J.
Defendant appeals from a trial court order vacating a stay of a prior order modifying probation. We affirm.
Facts
In December 1982, defendant was charged with several violations of the Los Angeles County Public Health Code. After numerous defense continuances, on December 6, 1983, defendant pled no contest to count I, failing to repair a substandard building (§ 809) and count II, maintaining a vermin-infested building (§ 628). Defendant was placed on 36 months probation on various terms and conditions. Defendant was at all times represented by attorney Scott Furstman.
In December 1984, the People filed a notice of probation violation. At defendant’s request, the matter was continued several times. On April 25, 1985, defendant, personally and through counsel, stipulated to violating the condition of probation that he obey all laws, based on his continuing noncompliance with health, fire, building and safety code requirements in his apartment buildings.
The court revoked and reinstated defendant’s probation with the modification that defendant serve 60 days in county jail. The court stayed execution until June 17, 1985, to permit defendant to provide “proof of compliance” with two lists of items which defendant had earlier been ordered to correct. The court advised defendant and counsel that there would be no continuances past June 17.
On June 17, 1985, defendant and Attorney Furstman appeared in court. First, defense counsel made a motion to continue on grounds that he had only recently received reports concerning reinspections of defendant’s buildings. Defense counsel acknowledged “that the burden at this point is on Dr. Avol and his counsel,” but nevertheless felt it necessary to review the reports to determine the degree of substantial compliance. Second, defense counsel *Supp. 5 moved for a continuance on grounds that defendant desired “to obtain new counsel to represent him,” that defendant and counsel “appeared to have reached a communications breakdown, an impasse, which manifested itself towards the end of last week.” The court denied those motions. Third, defense counsel stated that he understood that the court had ex parte inspected defendant’s premises, and that defendant asked that counsel “make a motion to disqualify the Court at this time----I can’t say that that would be in the nature of a 177.5 [170.5]. I am not inferring a motion for actual prejudice____The court denied defendant’s “request that the Court recuse itself....”
Defendant then testified concerning his efforts to bring his apartment building into compliance with the codes. He referred to “painting, ... plumbing,... electrical work” that was being done, but the only corroboration provided were invoices from an electrical company for work begun on May 21, 1985. Defendant claimed that he had problems with vandalism. Defendant had no specific information concerning the deficiencies set forth in the court’s exhibits A and B, which had been furnished him on April 25, but testified that it was his “understanding” and his “knowledge” that he had rectified all the deficiencies.
The People offered the testimony of various city inspectors who identified numerous photographs and explained the circumstances of defendant’s failure to effect substantial compliance with the code requirements.
After both sides argued, the court found that there had been “some repairs and some attempt made by [defendant]” to bring the building into compliance, but that “looking at the totality of all the evidence that has been presented,” the court found that defendant’s efforts were “too little, and ... too late to bring this building into substantial compliance.”
The court then terminated its order of April 25, staying execution of the 60-day jail sentence. The court offered defendant the opportunity to spend the first 30 days in county jail and then spend the remaining 30 days “under house arrest in one of your own units.” Defendant accepted the option.
Discussion
Defendant contends that the trial court’s ex parte inspection of defendant’s buildings violated defendant’s rights to confrontation and due process of law; the trial court’s denial without a hearing of defendant’s motion to continue the hearing was an abuse of discretion and denied him due process of law; and the condition of probation that defendant live 30 days in a unit owned by him was improper. Defendant’s contentions are without merit.
*Supp. 6 1. The trial court did not abuse its discretion in denying defendant’s motion to continue the matter to seek new counsel, when the request for continuance was made on the very date of the hearing. (People v. Lau (1986) 177 Cal. App. 3d 473, 478-479 [223 Cal.Rptr. 48]; People v. Reaves (1974) 42 Cal. App. 3d 852, 855-856 [117 Cal.Rptr. 163].) The court had advised defendant that there would be no continuances of the hearing set for June 17. Moreover the trial court was entitled to doubt the claim of a recent breakdown in communications between counsel and defendant, when that defendant had been represented by the same attorney since December 1982 and no difficulties surfaced until the date to which a jail sentence had been stayed. (See People v. Reaves, supra, 42 Cal.App.3d 852, 856.) Also, contrary to defendant’s contention , the trial court was not required to hold a Marsden hearing (People v. Marsden (1970) 2 Cal.3d 118 [184 Cal.Rptr. 156, 465 P.2d 44]) to determine the reason for defendant’s claimed dissatisfaction with his attorney. (People v. Lau, supra, 177 Cal.App.3d 473, 478; People v. Trapps (1984) 158 Cal.App.3d 265, 271, fn.3 [204 Cal.Rptr. 541].)
The trial court also did not abuse its discretion in refusing to grant a continuance so that defense counsel could review the reinspection reports. Defendant had already been sentenced to serve 60 days in jail. On June 17, the burden was on defendant to show that he had complied with the requirements that specified repairs be made. The reinspection reports were marginally relevant, and not helpful to defendant. Although the People were entitled to rely on defendant’s failure to prove compliance, in fact the People offered substantial evidence—based on testimony and photographs—that defendant had not complied.
 2. We agree with defendant’s contention that the trial court’s ex parte inspection of the property did not comply with the spirit of Penal Code section 1203, subdivision (d), which envisions that a defendant will be given the opportunity to controvert in some manner the information relied on by the court in sentencing.[1]
The court’s action, however, did not constitute a denial of due process. Even assuming, as defendant contends, that the trial court considered the court’s observations, the evidence that defendant had failed to *Supp. 7 comply with the condition of probation that he obey all laws—whether perceived from his failure to present any proof of compliance or perceived from the case presented by the People—was overwhelming. No error of substance occurred.[2]
There is equally no merit to defendant’s contention that the trial court should have recused itself. Defendant asserts that Code of Civil Procedure section 170.1 provides grounds in this case for disqualification.[3] The record, however, does not support defendant’s contention that the trial court was prejudiced against him. To the contrary, 27 months after defendant had been placed on probation, and had stipulated that he was in violation of probation, the trial court nonetheless stayed a 60-day jail sentence to give defendant one more opportunity to comply.
In any event, the record shows that defendant failed to make a motion to disqualify the court under Code of Civil Procedure section 170.1. First, counsel although stating that defendant “would ask that on his behalf that I make a motion to disqualify the court at this time,” also stated: “I am not inferring a motion for actual prejudice____” Second, defendant failed totally to comply with the requirements of Code of Civil Procedure section 170.3, which requires that if a judge “who should disqualify himself or herself refuses or fails to do so, any party may file with the clerk a written verified statement objecting to the hearing or trial before the judge and setting forth the facts constituting the grounds for disqualification of the judge.” Although defendant and defense counsel knew before the hearing that the court had inspected the premises, no written statement was presented to the court. A party should not be permitted to gamble upon obtaining a favorable decision from one judge and then if disappointed be allowed on appeal to assert an erroneous failure to disqualify without having previously made a proper showing. (See Jacobs v. Superior Court (1959) 53 Cal.2d 187, 191 [1 Cal.Rptr. 9, 347 P.2d 9].)
3. The trial court did not abuse its discretion in permitting defendant to serve 30 days of the 60-day jail sentence under “house arrest” in one of his units.
*Supp. 8 “A condition of probation will not be held invalid unless it... has no relationship to the crime of which the offender was convicted,... relates to conduct which is not in itself criminal, and... requires or forbids conduct which is not reasonably related to future criminality. Conversely a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.” (People v. Lent (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], [Citation and inner quotes omitted].) We have no doubt that a condition of probation which requires defendant to live in residential property which he himself owns but which he has failed to maintain in a lawful manner is reasonably related to the nature of the conviction and the rehabilitation of the offender. (See In Re White (1979) 97 Cal.App.3d 141, 150-151 [158 Cal.Rptr. 562].)
Defendant’s insistence that Penal Code section 1203.1 restricts imprisonment as a condition of probation to the county jail misses the point that the so-called “house arrest” was offered defendant as an alternative to jail. Had the Legislature required mandatory jail as a condition of probation, defendant would have been required to spend that time only in a county jail. (People v. Municipal Court (Hinton) (1983) 149 Cal.App.3d 951, 954-955 [197 Cal.Rptr. 204].) Here, however, no mandatory jail time is involved. The court’s optional order that defendant live in one of his own units for 30 days is factually but not significantly different from the many types of infringements on personal liberty that have been approved as conditions of probation.[4]
Defendant is not compelled to accept the condition; indeed he is fortunate, in that if he refuses the condition, the only penalty is 30 days in county jail, rather than the full terms authorized by law.
*Supp. 9 The judgment (order of June 17, 1985) is affirmed.
Reese, Acting P. J., and Newman, J., concurred.
A petition for a rehearing was denied May 5, 1987.

 Penal Code section 1203, subdivision (d), provides that if a misdemeanor case “is not referred to the probation officer, in sentencing a person, the court may consider any information concerning the person which could have been included in a probation report.” A probation report may include information not ordinarily admissible in a criminal trial. (E.g., Loder v. Municipal Court (1976) 17 Cal.3d 859, 867 [132 Cal.Rptr. 464, 553 P.2d 624]; People v. Arbuckle (1978) 22 Cal.3d 749, 753-755 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171].) However, a defendant must have an opportunity to challenge the information relied upon, and the court may not rely on information obtained ex parte. (See Pen. Code, § 1204; People v. Webster (1983) 143 Cal.App.3d 679, 684-685 [192 Cal.Rptr. 86].)

 Indeed, the unauthorized view violated form, not substance. The trial court, accompanied by the entire court, including defense counsel, would have been entitled to examine the property. (Code Civ. Proc., § 651; Pen. Code, § 1119; 2 Witkin, Cal. Evidence (3d ed. 1986) §§ 847-851.) Given the inevitable subjectivity of a site visit, it is doubtful that defendant under any set of circumstances could show prejudice.

 Code of Civil Procedure section 170.1 includes as grounds for disqualification the fact if true that the “judge has personal knowledge of disputed evidentiary facts concerning the proceeding,” or that for “any reason ... the judge believes his or her recusal would further the interests of justice, ... the judge believes there is a substantial doubt as to his or her capacity to be impartial, or... a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial.”

(People v. Osslo (1958) 50 Cal.2d 75, 103 [323 P.2d 397] [restriction on defendant’s union membership and activities where offense arose out of similar involvement]; In re Jonathan M. (1981) 117 Cal.App.3d 530, 538 [172 Cal.Rptr. 833] [condition that minor attend school program approved by a probation officer for violation of Veh. Code, § 10851 [unlawful driving and taking a motor vehicle]; People v. McDowell (1976) 59 Cal.App.3d 807, 812 [130 Cal.Rptr. 839] [condition that defendant wear leather shoes with metal taps on heels and toes upon leaving residence for conviction of petty theft]; People v. Keefer (1973) 35 Cal.App.3d 156, 168-169 [110 Cal.Rptr. 597] [condition that defendant not engage in furnace or heating business for conviction for grand theft based upon misrepresentations committed in course of operating furnace business]; In re Mannino (1971) 14 Cal.App.3d 953, 960-961 [92 Cal.Rptr. 880, 45 A.L.R.3d 996] [condition that defendant refrain from membership or any other activity in certain political organizations for assault conviction arising from activities in such organizations]; People v. Rylaarsdam (1982) 130 Cal.App.3d Supp. 1, 14 [181 Cal.Rptr. 723] [restriction that homosexual defendant remain away from adult bookstore showing sexually explicit motion pictures that was scene of defendant’s indecent exposure and lewd conduct]; Fick v. Board of Medical Examiners (1973) 31 Cal.App.3d 247, 253 [107 Cal.Rptr. 260] [condition that doctor pass oral examination upon finding of unprofessional conduct related to personal use of dangerous drugs].)