Dear Mr. Molaison:
Your request for an opinion concerning a proposed Westwego city ordinance requiring owners and landlords of dilapidated property to remain on the property which has been cited for health and safety violations has been forwarded to me for research and reply.
You asked the following questions:
 1. Can a municipality enact an ordinance providing for home incarceration on property cited for health and safety violations or is a state legislative act required?
 2. If optional home incarceration may be provided, does a Mayor's Court have the power to suspend a sentence conditioned on the defendant voluntarily submitting to home incarceration at the cited property for the misdemeanor offenses of violating health and safety ordinances?
In response to your first question, in the city of Westwego the legislative powers are vested in and exercised by the board of aldermen. La. R.S. 33:362 states that the board of aldermen may "[e]nact ordinances and enforce the same by fine not to exceed five hundred dollars or imprisonment not exceeding sixty days or both."
Concerning the mayor's court, La. R.S. 33:441 states that there shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. This statute further states that:
 The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof . . . The mayor shall have the power of a committing magistrate.
La. C.Cr.P. Art. 894.2 gives the court the option of home incarceration in lieu of imprisonment. In pertinent part, this article provides:
 A. Notwithstanding any other provision of law to the contrary, a defendant maybe sentenced to home incarceration in lieu of imprisonment under the following conditions:
 (1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
 (2) In felony cases, the Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration.
 (3) The court determines that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration.
 B. A defendant sentenced to home incarceration shall be supervised and may be subject to any of the conditions of probation.
 C. The court shall specify the conditions of home incarceration when it imposes such sentence upon defendant. The conditions may include any condition reasonably related to implementing or monitoring a sentence of home incarceration, including curfew, electronic or telephone monitoring, home visitation by persons designated by the court, and limitation of the defendant's activities outside of the home.
According to La. C.C. Art. 11, "[t]he words of a law must be given their generally prevailing meaning . . ." "Home incarceration", as used in La. C.Cr.P. Art. 894.2 is a punishment option that the court may use in lieu of imprisonment. Giving the word "home" its generally prevailing meaning, this would mean that the offender sentenced to home incarceration would be expected to serve his sentence at his residence.
La. C.Cr.P. Art. 894.2, which authorizes the court to use the option of home incarceration in lieu of imprisonment, does not, however, apply to a mayor's court because of the way "court" is defined in La. C.Cr.P. Art. 931. This article states, in pertinent part:
 (1) "Court" means a court with criminal jurisdiction or its judge. It does not include a mayor's court or a justice of the peace.
 (2) "City court" means a city, town, village, or other municipal court, with criminal jurisdiction. It does not include a mayor's court or a justice of the peace.
The definition expressly excludes a justice of the peace and a mayor's court, which are tribunals with very limited criminal jurisdiction. The comments to La. C.Cr.P. Art. 931
explain that the exclusion limits the "city court" classification to municipal tribunals that have general trial jurisdiction in misdemeanor cases, as distinguished from petty tribunals with very limited or specialized authority.
Mayor's courts are courts which have jurisdiction to conduct trials, to determine guilt and impose sentences, including fines and imprisonment for breach of municipal ordinances. State v. Foy 401 So.2d 948 (La. 1981).
Reading the provisions of La. R.S. 33:362, La. C.Cr.P. Arts. 894.2 and 931 and La. R.S. 33:441 together, it is the opinion of this office that, while the City of Westwego may enact ordinances and enforce them through fines, imprisonment or home incarceration, it may not enact an ordinance requiring owners and landlords of dilapidated property to remain on property which has been cited for health and safety violations, since this is not the "imprisonment" that La. R.S. 33:362 and33:441 contemplate, nor is it the "home incarceration" that La. C.Cr.P. Art. 894.2 contemplates.
La. C.Cr.P. Art. 362 states that the legislative powers of a municipality shall be vested in and exercised by the board of aldermen and that they may enact and enforce ordinances by fines not exceeding five hundred dollars or by imprisonment not exceeding sixty days, or both. Because the only penalty options given by the legislature for violations of municipal ordinances are appropriate fines, imprisonment or home incarceration, any additions to these options would have to be enacted by the state legislature.
In response to your second question, in accordance with La. C.Cr.P. Art. 894.2, a mayor's court would not have the power to suspend a sentence and order the defendant to comply with home incarceration in lieu of the sentence. This is because according to La. C.Cr.P. 931, as discussed above, a mayor's court is not included within the definition of "court." A court with the proper jurisdiction, however, could make home incarceration a condition of probation. However, as explained above, "home incarceration", as used in La. C.Cr.P. Art. 894.2, cannot be construed so as to allow such a court to sentence owners and landlords of dilapidated property to remain on the property which has been cited for health and safety violations.
There are no Louisiana cases dealing with this particular issue, but in People v. Avol, 192 Cal.App.3d Supp. 1, 238 Cal. Rptr. 45, 1987, the court held that the trial court had authority to offer the defendant landlord the option of serving 30 days of a 60-day jail sentence under house arrest in one of defendant's apartment units. The jail sentence was imposed after the defendant stipulated that he had violated the condition of probation that required him to comply with health, fire, building, and safety code requirements in his apartment building. The court approved the optional sentence since living in the unit was reasonably related to the nature of the underlying convictions (failure to repair substandard building and maintaining vermin-infested building) and rehabilitation of offender. The court in this case considered requiring the defendant to live in one of his apartment units to be a condition of probation.
In Louisiana, conditions of probation are addressed by La. C.Cr.P. Art. 895, which states, in pertinent part:
 A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation . . . .
In Avol, supra, a similar California provision was considered and the Court stated:
 We have no doubt that a condition of probation which requires defendant to live in residential property which he himself owns but which he has failed to maintain in a lawful manner is reasonably related to the nature of the conviction and the rehabilitation of the offender . . .
Thus, although a court may not sentence owners and landlords of dilapidated property to remain on the property which has been cited for health and safety violations, it is possible that a court of proper jurisdiction may provide that the defendant remain on the cited property as a condition of probation, if it considers that condition to be reasonably related to his rehabilitation, as required by La. C.Cr.P. Art.895.
In conclusion, a municipality may not enact an ordinance providing for home incarceration on property cited for health and safety violations. As explained above, because the only penalty options given by the legislature in La. C.Cr.P. Art. 362
for violations of municipal ordinances are appropriate fines or imprisonment (or home incarceration, if the court has the proper jurisdiction), any additions to these options would have to be enacted by the state legislature.
Because a mayor's court is a court of very limited jurisdiction and is not a "court" as defined by La. C.Cr.P. Art.931, it is not authorized by La. C.Cr.P. Art. 894.2 to suspend a sentence and order the defendant to comply with home incarceration in lieu of the sentence. Although "home incarceration," as used in La. C.Cr.P. Art. 894.2 cannot be construed to allow even a court with proper jurisdiction to sentence owners and landlords of dilapidated property to remain on the property which has been cited for health and safety violations, this requirement could possibly be allowed as a condition of probation, if it is reasonably related to the defendant's rehabilitation, as required by La. C.Cr.P. Art. 895.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: DONALD A. ROWAN, JR. Assistant Attorney General
DAR/sff #0126a