Filed 4/30/14  Lopez v. Jehs CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ERNESTO LOPEZ, | C073365 |
| Plaintiff and Respondent, | (Super. Ct. No. FL372734) |
| v. | |
| SAMANTHA JEHS, | |
| Defendant and Appellant. | |

Samantha Jehs (mother) appeals from an order denying her request to relocate the parties' minor children to Texas.  Mother contends the trial court abused its discretion by refusing her request.  The record, however, fails to support mother's claim.  We affirm the trial court's order.

1

BACKGROUND

Mother has elected to proceed on a clerk's transcript. (Cal. Rules of Court, rule 8.121.) This is referred to as a "judgment roll" appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082; *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)

The limited record we have establishes that in November 2011, in San Joaquin County Superior Court, Ernesto Lopez (father) filed a Uniform Parentage Petition to Establish Parental Relationship. He also filed a motion seeking joint custody of the parties' two minor children, who were then four and three years old. Mother responded, asking for blood tests to establish paternity. She also sought sole legal and physical custody of the children and an order requiring father's parenting time be supervised.

On June 26, 2012, the trial court issued an order granting sole legal and physical custody of the parties' children to mother. Along with a holiday schedule and rules for coparenting the children, the court ordered father's parenting time to begin with two hours every Tuesday in Edgewood Park. From there, his parenting time would increase in gradual "steps" based on the passage of time with the caveat that if father "misses two visits in any step prior to the Review Hearing, visitation shall not progress to the next step." Pursuant to the court's schedule, father's parenting time would increase to overnights on September 29, 2012. The matter was then set for a review hearing on September 12, 2012.

Prior to the September 12, 2012, review hearing, however, mother informed father of her intent to move to Texas for work purposes and take the children with her. At the review hearing, father objected to mother's proposed move. Father said mother had taken the children to Texas before without telling him. He also told the court that mother was withholding the children in violation of the court's orders. The court issued temporary orders regarding father's parenting time, ordered the children to remain in California "pending the next hearing," and ordered mother and her new husband to bring letters from their potential employers in Texas.

2

The parties appeared before the trial court again on September 20, 2012, for a child support review hearing and to further consider mother's move-away request. At the conclusion of that hearing, the trial court found "a prima facie case has been made that Mother's move is motivated by her intent to withhold the children from Father and that Mother is the parent least likely to share the children." The trial court issued orders regarding child support and ordered the children to remain in San Joaquin County pending a trial on mother's request to relocate with the children.

Mother's request to relocate with the children was set for trial on November 21, 2012. In the interim, the trial court modified its prior custody order and awarded the parents joint legal custody. While the order was not specific on the issue of physical custody, the trial court increased father's parenting time and ruled that "if Mother leaves San Joaquin County pending trial, Father shall have physical custody subject to Mother having visits on alternate weekends . . . . The maternal grandmother may exercise Mother's custodial periods pending trial."

The trial on mother's request to relocate with the children was held on November 21, 2012. Neither mother nor father were represented by counsel. Mother and father each made an opening statement; they each called witnesses and presented documentary evidence in support of their respective claims. At the conclusion of the hearing, the trial court issued orders on collateral issues and took the matter of the move-away request under submission.

On January 14, 2013, the trial court issued its decision on the move-away request: "[T]his court must determine what custodial arrangement is in the children's best interests in light of the fact that Father lives in California and Mother plans to live in Texas. [¶] . . . [¶] "There is no question that Mother has been the primary caretaker of the minor children. Yet, just as Mother's presence is important in the young girls' lives, so is Father's. However, Mother refuses to acknowledge the same and is clearly trying to replace Father with her new husband. Mother has demonstrated an unwillingness to

3

share the girls with Father and has thwarted the contact between Father and the girls by violating the court order. If [*sic*] is no coincidence that Mother planned the move to Texas to take place prior to father's first overnight visit, as the court believes that she was trying to interfere with the bonding process.

"The court remains convinced that Mother's motivation for the move is to frustrate Father's custodial periods with the children." Thus, the trial court ruled the children were to remain in San Joaquin County.

## DISCUSSION

On appeal, we must presume the trial court's judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

It is the burden of the party challenging a judgment to provide an adequate record to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) When an appeal is "on the judgment roll" (*Allen v. Toten, supra*, 172 Cal.App.3d at p. 1082), we must conclusively presume evidence was presented that is sufficient to support the court's findings (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154). Our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.)

These rules of appellate procedure apply to mother even though she is representing herself on appeal. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, disapproved on other grounds in *Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 744, fn. 1; *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

Mother contends the trial court abused its discretion in refusing her request to relocate to Texas with the minor children. She argues the court failed to make a

4

determination that was in the children's best interests and failed to give "proper weight" to her status as the "primary custodial parent." Without a reporter's transcript of the relevant hearing, however, we must presume the court made sufficient findings to support its decision. That is, we must presume the trial court found it was in the children's best interest to remain in San Joaquin County with father when mother relocated to Texas. (*Mark T. v. Jamie Z.* (2011) 194 Cal.App.4th 1115, 1125-1126 [initial custody determination, the trial court has widest discretion to choose a parenting plan in the best interests of the child].) That presumption is supported in this record by the trial court's own written order, wherein the court identifies the children's best interest as the relevant legal standard when reviewing a move-away request where there is no final judicial custody determination.

We note that in its written order, the trial court referenced a single finding in reaching its decision: "[M]other's motivation for the move is to frustrate Father's custodial periods with the children." We question whether the court's finding that mother is relocating solely to frustrate father's parenting time is a sufficient basis for denying her move-away request. (See *Mark T. v. Jamie Z.*, *supra*, 194 Cal.App.4th at 1131 ["even where the court finds that a move-away request is being made in bad faith, the court must view this finding as only one potential factor in deciding whether to allow the child's residence to be moved; it does not permit the court to deny the move-away request on the presumption that in denying the request, the court can assure that the requesting parent will not, in fact, move . . . ."].) We need not resolve that issue on this appeal, however, because the record does not contain a reporter's transcript of the relevant hearing. Thus, additional findings about the best interests of the children may have been made at that hearing that are not included in the record on appeal.

We must also conclusively presume the evidence presented to the trial court was sufficient to sustain the court's findings. (*Ehrler v. Ehrler, supra*, 126 Cal.App.3d at p.

154.)  On the face of this record, we find no error; we must affirm the trial court's decision.

DISPOSITION

The order of the trial court is affirmed.


     NICHOLSON     , Acting P. J.


We concur:


     ROBIE     , J.


     MAURO     , J.