[No. B016998. Second Dist., Div. Five. Sept. 22, 1986.]

BANK OF AMERICA, Plaintiff and Respondent, v.
MORRIE R. HENKIN, Defendant and Appellant.

**COUNSEL**

Robert James Smith for Defendant and Appellant.

Frandzel & Share, Stanley W. W. Kesselman and Daniel Alberstone for Plaintiff and Respondent.

**OPINION**

**EAGLESON, J.**—In this avoidable single-issue appeal, we conclude that respondent's motion for summary judgment complied with the 28-day notice requirement of Code of Civil Procedure section 437c, subdivision (a).[1] We

---

[1]Code of Civil Procedure section 437c, subdivision (a) provides, in pertinent part: "Notice of the motion and supporting papers shall be served on all other parties to the action at least 28 days before the time appointed for hearing." All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

therefore affirm the judgment entered in respondent's favor and impose sanctions against appellant's attorney for pursuing a frivolous appeal.

## FACTS

Respondent moved for summary judgment after filing a complaint to recover sums owed by appellant on a promissory note. On June 18, 1985, the motion was personally served on Robert James Smith, who is appellant's counsel of record both in the trial court and on appeal. At the July 16, 1985 hearing, the trial court counted the days one-by-one and, over Smith's objection, concluded that the requisite 28 days' notice had been given.[2] After further finding that no triable issue of fact existed, the court granted the motion.

Appellant, through Attorney Smith, then moved to vacate the summary judgment on the grounds that there had been only 27 days' notice. The court denied this motion and imposed $750 sanctions payable by appellant "and/or" counsel. The court found that because counsel had persisted in erroneously counting the days between service of the motion and the hearing, the motion to vacate was frivolous and brought in bad faith for purposes of delay. (§ 128.5.)[3] The instant appeal is taken from the summary judgment entered in respondent's favor.[4]

## DISCUSSION

■ Appellant makes the same error here that he made below. He begins by correctly citing section 12 for the proposition that the time for notice is computed by excluding the first day (June 18, 1985) and including the last day (July 16, 1985).[5] He makes a painfully obvious mistake, however, in concluding that there were only 11 countable days in June. As correctly stated by the trial court, 12 days in June plus 16 days in July equalled the necessary 28 days.

■ Having been compelled to address the same argument that was rejected twice by the trial court, we conclude that the instant appeal is

---

[2]Since we have not been provided with a reporter's transcript of the hearing, we rely upon the parties' summary of the dialogue between the court and counsel.

[3]Section 128.5, subdivision (a) gives the trial court discretion to order a party and/or his attorney to pay the reasonable expenses incurred by the other party "as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay."

[4]Appellant does not challenge the trial court's order denying the motion to vacate and imposing $750 in sanctions.

[5]Section 12 provides: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

frivolous. (§ 907; Cal. Rules of Court, rule 26(a).) The entire brief is based upon an error in performing the simplest, most rudimentary function—counting the days on a calendar. Repetition of this mathematical error on appeal is inexcusable in light of the trial court's finding that it formed the basis of a frivolous motion below. Any reasonable attorney would find this appeal completely and indisputably devoid of merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

In addition, we find nothing in the record to suggest that appellant Henkin was personally involved in the preparation of this appeal. His attorney, however, was warned of the frivolous nature of the argument but nonetheless chose to pursue it with a vengeance in this court.

### Disposition

The summary judgment is affirmed. A penalty of $1,500 is assessed against Robert James Smith, payable to respondent's counsel Frandzel & Share, for pursuing a frivolous appeal.

Ashby, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied October 15, 1986, and appellant's petition for review by the Supreme Court was denied December 10, 1986. Panelli, J., did not participate therein.