[No. B052355. Second Dist., Div. Five. Aug. 22, 1991.]

ROBERT A. LESLIE, Plaintiff and Appellant, v.
BOARD OF MEDICAL QUALITY ASSURANCE, Defendant and
Respondent.

COUNSEL

Robert A. Leslie, in pro. per., for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, and Mark T. Roohk, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**ASHBY, J.**—Appellant Robert A. Leslie, M.D., appeals from a judgment of the superior court denying his petition for writ of mandate. In his petition, appellant challenged the decision of the Board of Medical Quality Assurance (the Board)[1] to discipline appellant, placing him on probation from the practice of medicine for five years, including a ninety-day actual suspension and a mandatory examination following a training program. The Board's decision increased the degree of discipline proposed by the administrative law judge. The Board's decision, however, adopted the administrative law judge's factual findings that appellant had been convicted on one count of prescribing to persons not under his treatment (Health & Saf. Code, § 11154), five counts of prescribing to habitual users (Health & Saf. Code, § 11156) and two counts of excessive prescribing (Bus. & Prof. Code, § 725), constituting unprofessional conduct which related to the qualifications, functions and duties of a physician.

In denying the petition for mandate the trial court's minute order (of which we have taken judicial notice) states in part: "Petitioner was disciplined based solely upon his criminal convictions for prescribing durgs [*sic*] to persons not his patients, to habitual users, and in excessive amounts. This petition is nothing but an attempt to collaterlly [*sic*] attack the conviction, and as such is an abuse of the mandamus procedure. The criminal conviction was a sufficient basis for the disciplinary action taken by Respondent against Petitioner."

■ On appeal, as below, appellant presents arguments which challenge his convictions.[2] Thus, his arguments have no merit and reversal is not warranted.

Upon review from a superior court's decision based upon an administrative writ of mandate, we only have the power to determine if there are errors of law. "Our review of the facts is limited to determining if the evidence supports the trial court's findings . . . ." (*Collins* v. *Board of Medical Examiners* (1972) 29 Cal.App.3d 439, 444 [105 Cal.Rptr. 634]; *Yakov* v. *Board of Medical Examiners* (1968) 68 Cal.2d 67, 69 [64 Cal.Rptr. 785 [435 P.2d 553].)

Here, acting on the authority given to it (*In re Gross* (1983) 33 Cal.3d 561, 567 [189 Cal.Rptr. 848, 659 P.2d 1137]; *Arneson* v. *Fox* (1980) 28 Cal.3d

---

[1]In 1990 the Board was renamed "Medical Board of California." (Bus. & Prof. Code, §§ 2002, 2201, subd. (b), as amended by Stats. 1989, ch. 886, §§ 18, 21.)

[2]These arguments range from alleging the police used illegal search warrants and wiretaps to accusations that appellant was denied his speedy trial rights, had ineffective counsel and was convicted upon perjured testimony.

440, 446-450 [170 Cal.Rptr. 778, 621 P.2d 817]), the Legislature has given conclusive effect to appellant's convictions in the administrative hearing.

Business and Professions Code section 2234 authorizes the Board to "take action against any licensee who is charged with unprofessional conduct." A conviction of any state laws regulating drugs "constitutes unprofessional conduct. The record of the conviction is conclusive evidence of such unprofessional conduct. A plea or verdict of guilty or a conviction following a plea of nolo contendere is deemed to be a conviction within the meaning of this section." (Bus. & Prof. Code, § 2237, subd. (a).) While a physician may not challenge the underlying conviction, the physician may request an examination of the facts and "circumstances surrounding the commission of the crime in order to fix the degree of discipline or to determine if such conviction is of an offense substantially related to the qualifications, functions, or duties of a physician and surgeon." (Bus. & Prof. Code, § 2236, subd. (b).)

At the administrative hearing, appellant did not submit evidence of mitigation, which could have included the facts surrounding his convictions. Rather, as he does on appeal, appellant simply argued he was not guilty.[3] The discipline imposed was based upon appellant's unprofessional conduct arising from his criminal narcotic convictions. Since the "statute provides that a conviction constitutes a sufficient basis for administrative disciplinary action [appellant] may not impeach the judgment of conviction." (*LAX* v. *Board of Medical Quality Assurance* (1981) 116 Cal.App.3d 669, 675 [172 Cal.Rptr. 258].) The record of conviction conclusively established his culpability[4] and supports the discipline imposed.

Since we find no abuse of discretion in imposing the discipline (*Collins* v. *Board of Medical Examiners, supra,* 29 Cal.App.3d at p. 446; *Fick* v. *Board of Medical Examiners* (1973) 31 Cal.App.3d 247, 252 [107 Cal.Rptr. 260]), the denial of the writ of mandate and the judgment entered thereon must be affirmed.

---

[3]The administrative law judge's proposed decision found that the Board previously failed to impose discipline upon appellant. The record indicates that in January 1984 an administrative law judge found that appellant was suffering from a "paranoid disorder, although not to a severe stage. It was not established that [appellant's] condition is deteriorating, or that his condition substantially affects his ability to function."

The administrative law judge also indicated that appellant "continues to attack his convictions collaterally through the federal and state costs [*sic*], [that he] is obsessed with overturning his convictions; because of this obsession, [he] is unable to objectively evaluate his conduct which led to his convictions."

[4]Appellant includes in the record on appeal an order to show cause issued by Magistrate Kronenberg, United States District Court. Appellant has not provided proof that relief has been obtained or that his convictions have been overturned.

■    Respondent Board has requested we sanction appellant for a frivolous appeal. We gave notice to the parties prior to oral argument the court would consider the question of sanctions and both parties have submitted additional briefs on this issue. As respondent noted, appellant's appeal has absolutely no merit because it is a collateral attack on his convictions. Appellant has made numerous appearances in the superior court which have no relationship to the issues, and appellant's attempt here is just one more step in his abuse of the system. Even though appellant is in propria persona, he is held to the same "restrictive procedural rules as an attorney" (*Bistawros* v. *Greenberg* (1987) 189 Cal.App.3d 189, 193 [234 Cal.Rptr. 377]) and we may impose sanctions upon him. (See, e.g., *id.* at pp. 192-193; *Muller* v. *Muller* (1959) 174 Cal.App.2d 517, 519 [345 P.2d 29].)

Appellant's claim is frivolous, having no basis. The law is clear. The administrative law judge informed appellant he could not challenge the underlying convictions at that hearing. The trial court, in denying the writ explicitly stated that to collaterally attack his conviction was an abuse of the mandamus procedures. Respondent's brief clearly explained the nature of the disciplinary hearing and the conclusive nature of appellant's convictions in that hearing. He was previously informed his arguments were groundless. (*Weber* v. *Willard* (1989) 207 Cal.App.3d 1006, 1010 [255 Cal.Rptr. 165]; *Bank of America* v. *Henkin* (1986) 185 Cal.App.3d 919, 921-922 [230 Cal.Rptr. 113].) Thus, he cannot claim he is ignorant of the law. This is not the proper forum to challenge the basis for his convictions. By continuing to pursue this matter, he ignores a clear line of authority. (*City of Imperial Beach* v. *Escott* (1981) 115 Cal.App.3d 134, 139-140 [171 Cal.Rptr. 197] [sanctions appropriate when law clear].) Appellant continues to challenge his convictions in inappropriate forums harassing respondent and forcing respondent to expend resources in responding. His actions result in needless delay. Appellant must accept responsibility for his actions and stop abusing respondent and the system. He must, at some point, move on with his life and recognize the Board's responsibility to discipline him based upon his convictions.

"The object of imposing a penalty for frivolous appeal is twofold—to discourage the same, as well as to compensate to some extent for the loss which results from delay. [Citation.] . . . [¶] In determining the amount of damages which should be awarded in this case for a frivolous appeal we should consider the facts with relation thereto and the effect of the delay." (*Huber* v. *Shedoudy* (1919) 180 Cal. 311, 316-317 [181 P. 63]; Code Civ. Proc., § 907.)

We have concluded that an appropriate sanction is in the sum of $10,000. We are hopeful that this penalty will discourage similar behavior and will

provide respondent some compensation for its efforts occasioned by appellant's improper tactics. (Cal. Rules of Court, rule 26; Code Civ. Proc., § 907.)

## DISPOSITION

The judgment is affirmed. Appellant's appeal is totally without merit and frivolous. In addition to the normal costs on appeal, appellant is ordered to pay respondent, the Board of Medical Quality Assurance (presently called Medical Board of California) $10,000.

Turner, P. J., and Boren, J., concurred.