Filed 4/15/14  Little v. Nau CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SCHERRIETO LITTLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JANIS NAU, as Administrator, etc.,<br><br>    Defendant and Respondent; | D063792<br><br>(Super. Ct. No. 37-2011-00087-131-CU-BC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, William S. Dato, Judge.  Affirmed.

Scherrieto Little, in pro. per., for Plaintiff and Appellant.

Kessler & Seecof, Daniel J. Kessler and Benjamin R. Seecof for Defendant and Respondent.

Scherrieto Little, appearing in propria persona, appeals a judgment against her, following a bench trial on her complaint.  She asserts the trial court was biased against her and erred by failing to make specific findings.  She also claims the trial court erroneously excluded evidence at trial.  We reject her contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Little is the daughter of Arthur L. Watson, aka Albert Odom (Watson). Watson died in 2008. Little sued Janis Nau, the administrator of Watson's estate, alleging causes of action for breach of contract, declaratory relief, constructive trust and unjust enrichment.

Little alleged that in 1984 she and her two sisters purchased a piece of property located in San Diego (the property). Their parents co-signed the loan and title was held in the parents' names. In 1993, Little and her husband purchased the other sisters' ownership interest in the property. Watson later loaned Little and her husband $16,000. Little and her husband quitclaimed the property to Watson, with Watson promising that Little and her husband remained the true owners of the property.

After Little and her husband repaid the loan, Little's husband asserted that he did not want to have anything to do with the property and Watson stated he would quitclaim the property to Little. Little claimed she did not make any attempts to have her name added to the title because she trusted Watson. In May 2001, Watson and his wife quitclaimed the property to Watson as his separate property. After Watson's death, Nau sold the property. Little claimed she was entitled to 50 percent of the net sale proceeds under a partially oral and partially written agreement with Watson.

The matter proceeded to trial and the court heard evidence over the course of two days. After hearing the evidence, the trial court entered a judgment in favor of Nau, concluding that Little had "failed to present sufficient evidence regarding repayment." The courted entered judgment for Nau and Little timely appealed. Thereafter, Nau filed a

2

motion requesting that this appeal be granted preference on the ground the proceeds of the sale of the property are the only asset of Watson's estate and that the probate proceedings cannot be concluded until this appeal is resolved. We granted calendar preference and expedited this appeal.

## DISCUSSION

As a preliminary matter, we deem Little's claim of judicial bias to be forfeited because she offered no analysis or citations to the record and authority of how the court was biased against her. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*); *Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1379.) The trial court had a duty to consider the evidence, resolve evidentiary conflicts and form an opinion. (*Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1220.) The fact the trial court ultimately rejected Little's claims " 'does not amount to [improper] bias and prejudice.' " (*Ibid.*)

Little asserts that the trial court committed reversible error by failing to make specific findings. We disagree. A trial court is required to issue a statement of decision explaining the factual and legal basis for its decision "upon the request of any party appearing at the trial." (Code Civ. Proc., § 632.) Where, as here, the trial is not completed within one calendar day, a request for a statement of decision must be made within 10 days after the court announces its tentative decision. (*Ibid.*) Little does not claim that she timely requested a statement of decision and we have not found such a request in the record on appeal.

Where a party fails to request a statement of decision, the doctrine of implied findings applies. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 267.) Under this doctrine, we presume that the "trial court made all factual findings necessary to support the judgment for which substantial evidence exists in the record. In other words, the necessary findings of ultimate facts will be implied and the only issue on appeal is whether the implied findings are supported by substantial evidence." (*Ibid.*)

It is the burden of the party challenging a judgment to provide an adequate record to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) Here, the record on appeal does not contain a reporter's transcript of the trial. This is referred to as a judgment roll appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083.) "On such an appeal, '[the] question of the sufficiency of the evidence to support the findings is not open.' " (*Id.* at p. 1082.) Instead, we presume that all findings by the trial court are supported by substantial evidence, and we can only consider whether the judgment is supported by the findings or whether reversible error appears on the face of the record. (*Nielson v. Gibson* (2009) 178 Cal.App.4th 318, 324-325.) These rules of appellate procedure apply to Little even though she is representing herself on appeal. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121.) Although Little lodged the exhibits that she presented to the trial court, these exhibits do not support Little's claim that she had an agreement with Watson to share an equal ownership interest in the property. On the face of this record, we find no error; we must affirm the trial court's decision.

Finally, Little claims the trial court erroneously excluded evidence at trial. This claim, however, is not supported by the record or reasoned argument and we deem it forfeited. (*Nelson*, *supra*, 172 Cal.App.4th at p. 862.)

## DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.