Filed 3/19/15  Marriage of Bowman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re the Marriage of RICHIE and ROBERT BOWMAN. | C074912 |
| RICHIE BOWMAN, | (Super. Ct. No. SFL20110218) |
| Respondent, | |
| v. | |
| ROBERT BOWMAN, | |
| Appellant. | |

Robert Bowman (father) appeals from an order denying his request to modify a prior order for custody and visitation with his three children.  Father asserts that the trial court lacked substantial evidence for its ruling, but he does not provide legal or factual authority to support this claim.  We affirm the order of the court.

BACKGROUND

On July 3, 2012, judgment was entered dissolving father's marriage to Richie Bowman (mother). The judgment included both an order granting the parties joint legal and physical custody of their minor children and a detailed parenting schedule. The parenting schedule was then modified in April 2013; the modification included an order that the parties' children were "to remain in the South Lake Tahoe School District through eighth grade . . . ."

On July 16, 2013, father filed a motion to modify the July 13, 2012 custody and visitation order.[1] Father asked the trial court to grant him sole physical custody of the parties' children and grant mother "reasonable visitation." In support of his request, father argued that since the children left the school near his home and began going to school in South Lake Tahoe, their schoolwork was suffering. Father argued the children would do better if they lived with him during the week and returned to the school near his home.

The trial court heard father's motion on September 27, 2013. Mother and father each represented themselves and each testified. Father also submitted e-mails and school records in support of his claims. The trial court ruled that father failed to show any changed circumstance and it continued to be in the children's best interest to remain enrolled in the South Lake Tahoe schools through eighth grade. The court then modified the parenting schedule in order to accommodate father's work schedule. Accordingly, the court ordered father's parenting time to begin at 7:00 p.m. on Sundays and extend through Wednesday morning. The court also detailed a parenting schedule for summer and the holidays, allowing both parties to have approximately equal time with the children.

---

[1] The record does not include an order dated July 13, 2012.

Father appeals from that order.

## DISCUSSION

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.) It is an appellant's burden to affirmatively show error by citing an adequate record to support his summary of the facts and legal authority to support each analytical point made; otherwise, the point is forfeited. (See, e.g., *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) These restrictive rules of appellate procedure apply to father even though he is representing himself on appeal. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

Father makes only one claim on appeal: "[t]he trial court erred in finding the mother to be the one to have the children on school days with no substantial evidence to support that finding." Father, however, fails to support his claim with any citation to pertinent authority or the record. (See Cal. Rules of Court, rule 8.204(a)(1)(B)-(C).) Father also fails to present any meaningful legal analysis to support his claim on appeal. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]"].) The claim is thus forfeited. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; see also *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4.)

## DISPOSITION

The trial court's order is affirmed.  Mother shall receive her costs on appeal, if any.  (Cal. Rules of Court, rule 8.278(a)(1).)


                                                              _____RENNER_____, J.


We concur:


_____RAYE_____, P. J.


_____HULL_____, J.