Filed 4/16/15  Marriage of Olden CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of SHANNON KOLLEEN and MARK ALVIN OLDEN. | C076571 |
| SHANNON KOLLEEN OLDEN, | (Super. Ct. No. 13FL06545) |
| Respondent, | |
| v. | |
| MARK ALVIN OLDEN, | |
| Appellant. | |

Appellant Mark Alvin Olden appeals from a domestic violence restraining order issued on April 11, 2014. Appellant asserts he was not given proper notice of the hearing on the restraining order, but he does not provide factual or legal authority to support his claim.  We affirm the order of the court.

" 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent,

and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'  [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Accordingly, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them.  (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)  It is an appellant's burden to affirmatively show error by citing an adequate record to support his summary of the facts and legal authority to support each analytical point made; otherwise, the point is forfeited.  (See, e.g., *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)  These restrictive rules of appellate procedure apply to appellant even though he is representing himself on appeal.  (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

Appellant's sole claim on appeal is he "was not served correctly and due process was not adhered to."  Appellant fails, however, to support his claim with any citation to authority or the record on appeal.  (See Cal. Rules of Court, rule 8.204(a)(1)(B), (C).)  His claim is thus forfeited.  (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; see also *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4.)

DISPOSITION

The order of the trial court is affirmed.

        RENNER        , J.

We concur:


        RAYE        , P. J.


        HULL        , J.