Filed 4/30/15  Schorn v. Young CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| SHERMAN SCHORN, | |
| Plaintiff and Appellant, | C075155 |
| v. | (Super. Ct. No. 95PR01530) |
| CAROLYN YOUNG, as Trustee, etc., | |
| Defendant and Respondent. | |

The William Schorn, Jr., Trust was established in 1992, and in 1995 Carolyn Young was appointed successor trustee.  In 2011 the probate court terminated the trust and discharged Young as successor trustee.  But in 2013 Sherman Schorn filed a petition to reopen the trust estate and to reappoint Young as successor trustee to address Schorn's concerns regarding a loan.  The probate court denied Schorn's petition.

Schorn now contends the trust estate should be reopened and Young should be reappointed as successor trustee to address his concerns regarding the loan.

1

We conclude Schorn's contention is precluded by the res judicata effect of the probate court's prior order approving Young's accounting, authorizing her to distribute property to Schorn subject to encumbrances, and discharging her as successor trustee. We will affirm the judgment.

BACKGROUND

The record on appeal does not include a reporter's transcript. Accordingly, we treat this as a "judgment roll" appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083; *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.) The limited record we have establishes the following:

In 2007, Young, as successor trustee of the trust, obtained a loan secured by real property held by the trust as authorized by the probate court. Schorn was aware of the loan. On September 1, 2011, the probate court entered an order settling the third accounting and report of the successor trustee and terminating the trust.[1] As part of that order, Young was authorized to distribute the trust's real property to Schorn, subject to encumbrances. Moreover, in settling the third accounting and report, the probate court "ratified, confirmed and approved" all of Young's acts and transactions as successor trustee as set forth in the accounting and report and relating to the matters set forth in the accounting and report, and discharged Young as successor trustee and released her from all liability incurred thereafter.

In August of 2012, Schorn received a letter from the lender informing him that the loan was delinquent. Thereafter, in August of 2013, Schorn petitioned the probate court

---

[1] We grant Young's request for judicial notice of the probate court's September 1, 2011 order settling the third accounting and report of the successor trustee, authorizing distribution of the real property to the residual beneficiary Schorn, and terminating the trust.

2

pursuant to Probate Code section 17200, subdivision (b)(6)[2] to reopen the trust matter ostensibly to instruct the successor trustee. Schorn alleged Young took a loan against real property held by the trust and that he now had to make payments on the loan because the real property had been distributed to him. He further alleged that the loan was excessive, he should not be responsible for making payments on it, and no accounting was provided regarding the payments. Schorn also asserted that he should be reimbursed for repairs he made to the trust property and Young should have resolved an encroachment issue on the trust property. Schorn asked the probate court to reopen the trust estate, to reappoint Young as successor trustee to address Schorn's concerns, and then to discharge Young and reclose the trust estate. Schorn's petition was not verified.

Young denied Schorn's allegations and she alleged that Schorn was at all times aware of the loan and was present at the hearing when the probate court approved Young's third accounting and report.

The probate court denied Schorn's petition.

STANDARD OF REVIEW

On appeal, we must presume the trial court's judgment is correct. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) Thus, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

The party challenging a judgment bears the burden to provide an adequate record to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) When an appeal is "on the judgment roll" (*Allen v. Toten*, *supra*, 172 Cal.App.3d at pp. 1082-1083), we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) Our review is

---

[2] Undesignated statutory references are to the Probate Code.

3

limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.) These restrictive rules of appellate procedure apply to Schorn even though he is representing himself on appeal. (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795; *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.)

DISCUSSION

Schorn contends the trust estate should be reopened and Young should be reappointed as successor trustee to address Schorn's concerns regarding the loan. But Schorn has not identified error and no error appears on the face of the record.

" 'The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.' [Citations.] The doctrine is applicable in probate proceedings. [Citations.]" (*Lazzarone v. Bank of America* (1986) 181 Cal.App.3d 581, 591.) An order of a probate court settling a trustee's accounting and report and discharging the trustee is entitled to res judicata effect unless vitiated by extrinsic fraud. (*Id.* at p. 595.) This is so because in approving an accounting and discharging a trustee, the probate court necessarily inquires generally into the truth and accuracy of the facts presented in an accounting and inquires into the propriety of a trustee's management of the trust. (*Ibid.*) Therefore, in approving an accounting and discharging a trustee, the probate court conclusively determines that a trustee's management was lawful and prudent. (*Ibid.*)

Here, the probate court heard and approved Young's third accounting and report. Among the information required to be included in an accounting submitted to the court for approval are statements showing any income received by the trust, any disbursements made by the trust, distributions to beneficiaries, and any liabilities of the trust (including notes payable). (§§ 1061-1063, 16063, subd. (b).) The accounting approved by the probate court would have shown information regarding any payments Schorn had made

4

to the trust during that accounting period and would also have shown the encumbered value of the trust property.  (§§ 1060-1064.)  The accounting was provided to Schorn prior to the September 1, 2011 hearing.

When the probate court approved the accounting and discharged Young as successor trustee, it conclusively determined the accounting was accurate and that Young had lawfully and prudentially fulfilled her duties as successor trustee relating to the management of the trust's assets (including the real property distributed to Schorn) set forth in the accounting.  Schorn could have objected to approval of the accounting or challenged the probate court's order; the record before us does not indicate whether he did so.  Now, however, because the probate court's September 1, 2011 order is final, it is entitled to res judicata effect and Schorn is precluded from asserting his specific challenges.  (See also § 16063, subd. (a)(6) [a claim for breach of trust may not be made more than three years after accounting or report disclosing facts giving rise to the claim is provided to the beneficiary].)

The probate court did not err in denying Schorn's petition.

DISPOSITION

The judgment is affirmed.  Carolyn Young, as successor trustee, is entitled to her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(4).)


                                            _____MAURO_____, J.


We concur:


_____HULL_____, Acting P. J.


_____DUARTE_____, J.