Filed 5/12/15  Detoles v. Wells Fargo Bank CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

**(San Joaquin)**

----

|  |  |
|---|---|
| SADIE C. DETOLES, | C076670 |
| Plaintiff and Appellant, | (Super. Ct. No. 39-2013-00299310-CU-BC-STK) |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant and Respondent. | |

Plaintiff Sadie C. Detoles appeals from a judgment of dismissal following an order sustaining defendant Wells Fargo Bank, N.A.'s (Wells Fargo), demurrer to plaintiff's complaint.  Her failure to present an adequate record, developed legal arguments, or sufficient record citations to support her claims, forfeits all of the issues raised in the opening brief.  (See *People v. Gidney* (1937) 10 Cal.2d 138, 142-143; *In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672-673, fn. 3; *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 (*Mountain Lion*).)[1]  We affirm the judgment.

---

[1]  Accordingly, we deny Wells Fargo's alternative motion to augment the record as moot.

Detoles apparently challenges the trial court's ruling sustaining Wells Fargo's demurrer to her complaint. However, Detoles has not provided us with her complaint, Wells Fargo's demurrer, or the trial court's order sustaining the demurrer in the record on appeal.[2] In the absence of these documents, we simply cannot assess whether the trial court erred in sustaining Wells Fargo's demurrer. Detoles, as the party challenging the judgment or order, has the burden of showing error by an adequate record. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Estate of Davis* (1990) 219 Cal.App.3d 663, 670 & fn. 13.) By providing a record that "is inadequate for meaningful review, the appellant [(Detoles)] defaults and the decision of the trial court should be affirmed." (*Mountain Lion*, *supra*, 214 Cal.App.3d at p. 1051, fn. 9.)

Even were the appropriate documents before us, however, Detoles would still have forfeited her contentions by failing to follow procedural requirements. Detoles does not provide any citation to factual authority and her recitation of legal principles throughout her opening brief is not applied in any cogent analysis to her own factual allegations. Her failure to do so results in a forfeiture of any contention that the trial court's ruling was in error. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655-656.)

We acknowledge Detoles acted in propria persona both in the trial court and in the instant appeal. Nonetheless, the restrictive rules of appellate procedure apply to Detoles even though she is representing herself on appeal. (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795; *Leslie v. Board of Medical Quality Assurance* (1991)

---

[2] The paltry 32-page record contains only the judgment of dismissal, two notices of entry of the judgment, the notice of appeal, Detoles's notice designating the record on appeal (which does not identify any other documents to be included in the record), and a register of actions.

234 Cal.App.3d 117, 121; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.)  Therefore, Detoles has forfeited any contention that the trial court erred in sustaining Wells Fargo's demurrer to her complaint by failing to provide an adequate record, citation to factual authority, and reasoned legal argument.

### DISPOSITION

The judgment of dismissal is affirmed.


        BUTZ        , J.


We concur:


     NICHOLSON    , Acting P. J.


     ROBIE     , J.