Filed 7/18/16  Marriage of Pennington CA3

<u>**NOT**</u> <u>**TO**</u> <u>**BE**</u> <u>**PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Amador)

----

| | |
|---|---|
| In re the Marriage of BRIAN and SHELLY JUANITA PENNINGTON. | C079962 |
| BRIAN PENNINGTON, | (Super. Ct. No. 12FC4930) |
| Appellant, | |
| v. | |
| SHELLY JUANITA PENNINGTON, | |
| Respondent. | |

Appellant Brian Pennington appeals in propria persona from a court order granting his motion to reduce spousal support.[1]  Brian raises a single claim on appeal:  He

---

[1]  As the parties have the same surname, we will refer to them by their first names.  No disrespect is intended.

1

contends the trial court miscalculated the reduction in support based on a misunderstanding of "the facts" and "evidence considered that may have been false." Brian's claim is not supported by the record. Accordingly, we shall affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Brian has elected to proceed on a clerk's transcript. (Cal. Rules of Court, rule 8.121.) Thus, the appellate record does not include a reporter's transcript of the hearing in this matter. This is referred to as a "judgment roll" appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083; *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)

The limited record we have establishes that on June 30, 2015, the trial court presided over an evidentiary hearing on Brian's motion to modify spousal support. Brian and respondent Shelly Juanita Pennington were both present at that hearing. Brian was represented by counsel; Shelly represented herself. Evidence in the form of oral testimony and written documents was admitted and the matter was taken under submission.

On July 1, 2015, the trial court issued a written decision (order after hearing). In that decision, the trial court noted the original order for support issued in September 2013 and compelled Brian to pay Shelly $1,000 a month in spousal support. The court also recounted some of the evidence submitted at trial. In particular, the court noted that since September 2013, Brian lost his job and, at the time of the hearing, was receiving only $450 a week in unemployment benefits. This was a significant reduction from the $1,200 a week Brian was receiving in September 2013. The court also found Brian was paying the mortgage on the family home, awarded to him in the judgment, and had filed bankruptcy to discharge debts incurred during the dissolution and medical bills.

2

The court made findings regarding Shelly's circumstances as well. The court found Shelly lived rent-free in a trailer on her daughter's property. The court found it was "questionable" whether Shelly had the ability to work full time and noted she was under medical care for "a weakened condition" though no diagnosis had been made. The court also found Shelly earned only $40 a week.

The trial court concluded that "both parties appear to be in a difficult position and . . . their combined income is not sufficient to meet their respective needs at this time. [Brian] has shown a substantial change in circumstances that necessitates a reduction of his support obligation. Upon weighing the total circumstances, [Shelly] is awarded spousal support of $500 per month. This order is retroactive to March 1, 2015."

The court also found Brian had not paid Shelly any support since March 2015 and ordered him to pay $100 per month toward the arrears until the amount was paid in full. The court further ordered that spousal support would reduce to zero if Brian remained unemployed when his unemployment benefits expired.

## STANDARD OF REVIEW

On appeal, we must presume the trial court's judgment is correct. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) Thus, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

The party challenging a judgment bears the burden to provide an adequate record to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) When an appeal is "on the judgment roll" (*Allen v. Toten*, *supra*, 172 Cal.App.3d at pp. 1082-1083), we must conclusively presume evidence was presented that is sufficient to support the court's findings (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154). Our review is limited to determining whether any error "appears on the face of the record." (*National*

3

*Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.)

These restrictive rules of appellate procedure apply to Brian even though he is representing himself on appeal. (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795; *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.)

## DISCUSSION

Brian asks this court to "review facts given and reconsider the amount of support ordered during the period I was receiving unemployment benefits." In support of his request, Brian argues the trial court misunderstood the facts. He contends Shelly does not live in a trailer on her daughter's property but on a property that she owns with her brother and upon which sits a three-bedroom home. Brian also contends the property is debt-free and has money-making potential because it is "zoned for business."

Without a reporter's transcript of the relevant hearing, however, we must conclusively presume the evidence was sufficient to sustain the trial court's findings regarding Shelly's residence and her income earning potential. (*Ehrler v. Ehrler*, *supra*, 126 Cal.App.3d at p. 154.) Thus, on the face of this record, we conclude there was no error.

# DISPOSITION

The trial court's order is affirmed.


                                                                     _____BUTZ_____, Acting P. J.


We concur:


_____HOCH_____, J.


_____RENNER_____, J.