Filed 6/30/22  Marriage of Quintana CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re the Marriage of JOAN and RAYMOND QUINTANA. | C092708 |
| JOAN QUINTANA, | (Super. Ct. No. PFL20140631) |
| Appellant, | |
| v. | |
| RAYMOND QUINTANA, | |
| Respondent. | |

Joan Quintana, appearing in propria persona, appeals from the trial court's order granting Ray Quintana's motion to quash a wage garnishment order.  As we explain, under the circumstances presented here, we are required to affirm the judgment.

BACKGROUND

The parties were married in December 1991.  A judgment dissolving their marriage was entered in September 2016.  Included in that judgment was a marital settlement agreement, in which respondent agreed to "take assignment of his son's

1

Student Loan" debt in the approximate amount of $30,000. The parties agreed to a mutual waiver of spousal support, and respondent agreed to pay to appellant an "equalizing payment" totaling $1,850.

In March 2019, following an evidentiary hearing, the trial court ruled that respondent was "solely responsible for the student loans in the amount of $34,604.19 . . . [and] for expenses incurred to repair damage and for maintenance of the home in the amount of $2,293.05." The court also ruled that appellant was "entitled to reimbursement for payment of the mortgage arrears in the amount of $3,441.00 and $797.05 for arrears on the second mortgage." The court awarded appellant attorney's fees totaling $5,000. The court ordered respondent pay to appellant $150 each month "for repayment of the student loans," and $150 each month toward her attorney fees. The payments were to begin on April 1, 2019.

On August 5, 2019, the trial court issued an order to show cause compelling respondent to demonstrate why he should not be held in contempt for willfully disobeying the court's March 2019 order. Sometime after that, an order garnishing respondent's social security disability income (SSDI) was issued. Respondent moved for an exemption and on May 28, 2020, the trial court issued a tentative ruling indicating respondent's SSDI was "exempt from attachment" without an order for support.

On August 20, 2020, the court denied appellant's "request to treat the money due to [her] from respondent per the judgment, as support," and granted respondent's motion to quash the order garnishing his SSDI.

## DISCUSSION

The trial court's orders are presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority and analysis on each point made, supported by appropriate citations to the material facts in the record. If the appellant does not meet this burden, the argument will be deemed forfeited. (*Ewald v. Nationstar*

2

*Mortgage* (2017) 13 Cal.App.5th 947, 948 ["We repeatedly have held that the failure to provide legal authorities to support arguments forfeits contentions of error"].)

These rules of appellate procedure apply to appellant even though she is representing herself. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639; *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

Appellant contends she was misled by trial counsel during negotiations for the parties' marital settlement agreement in 2016. Counsel's misconduct, she contends, led appellant to agree to waive spousal support, which she now regrets. But the validity or fairness of the marital settlement agreement, or the negotiations leading to the agreement, are not properly before us. The only matter properly before us is the trial court's August 20, 2020 order. In any event, appellant does not provide analysis or meaningful citations to the record to support her version of events, much less to support any claims of error. As a result, her claims on appeal are forfeited.

DISPOSITION

The trial court's August 20, 2020, order is affirmed. Respondent shall recover costs on appeal. (Cal. Rules of Court, rule 8.278.)

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

HOCH, J.

3