Filed 9/20/24  Rahh v. Robinson CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ARSHAAD KIONGOZI UJUZI RAHH, | B333466 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23STPT01825) |
| v. | |
| SABRINA K. ROBINSON, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bradley S. Phillips, Judge.  Affirmed.

Arshaad Kiongozi Ujuzi Rahh, in pro. per., for Plaintiff and Appellant.

Sabrina K. Robinson, in pro. per., for Defendant and Respondent.

## INTRODUCTION

Appellant Arshaad Kiongozi Ujuzi Rahh (Rahh) appeals from the denial of his request for joint legal and joint physical custody of a child he had with respondent Sabrina K. Robinson (Robinson).  We conclude Rahh has not carried his burden on appeal to provide an adequate record or demonstrate the court erred in denying his request.  Therefore, we affirm the order denying his request for joint legal and joint physical custody.

## DISCUSSION

A.      *Legal Standards*

"We review custody and visitation orders for an abuse of discretion," applying the substantial evidence standard to the trial court's factual findings and considering de novo any issues of statutory interpretation. (*Jaime G. v. H.L.* (2018) 25 Cal.App.5th 794, 805.)  "'A court abuses its discretion in making a child custody order if there is no reasonable basis on which it could conclude that its decision advanced the best interests of the child.  [Citation.]  A court also abuses its discretion *if it applies improper criteria or makes incorrect legal assumptions*.  [Citation.]' [Citation.]" (*S.Y. v. Superior Court* (2018) 29 Cal.App.5th 324, 333.)  "'An abuse of discretion occurs when the trial court exceeds the bounds of reason; even if we disagree with the trial court's determination, we uphold the determination so long as it is reasonable.  [Citation.]  We do not reverse unless a trial court's determination is arbitrary, capricious, or patently absurd.'" (*Id.* at pp. 333–334.)

B.    *Analysis*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*); *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  To carry this burden of demonstrating reversible error, an appellant must provide an adequate record for us to assess claims of error.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.)  ""[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.""" (*Jameson, supra,* 5 Cal.5th at p. 609.)  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.]" (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187.)

In addition to an adequate record, an appellant's brief must state each point under a separate heading or subheading summarizing the point and support each point with argument and, if possible, with citation to legal authority.  (Cal. Rules of Court, rule 8.204(a)(1)(B).)  "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited]." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785; *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002)

100 Cal.App.4th 1066, 1078 ["[m]ere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review"].) Although Rahh is representing himself on appeal, he is nevertheless held to the "same 'restrictive procedural rules as an attorney.'" (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Rahh appeals the denial of his request for joint legal and joint physical custody of minor child Nalah Allura Rahh. The record Rahh provided on appeal is deficient and precludes any meaningful review of the trial court's ruling. The record before us consists of four documents: (1) a list of the docket entries in the action below, (2) the September 12, 2023, minute order denying his request for joint legal and joint physical custody and visitation, (3) Rahh's notice of appeal, and (4) Rahh's notice of designating the record on appeal. The record does not include the request for custody and visitation that Rahh filed in the trial court, nor does it include Robinson's response to that request. Rahh elected to proceed on appeal without a reporter's transcript from the September 2023 hearing on his request. On appeal, Rahh has not provided a settled statement of this hearing, or any other adequate substitute for the reporter's transcript.

On this record, it is impossible to determine the basis for Rahh's request or evaluate what evidence or arguments he raised below. The minute order from the September 2023 hearing indicates that both parties testified at the hearing. In the absence of a reporter's transcript or settled statement, we have no way to determine what testimony was provided by the parties, or the court's rationale for denying Rahh's request. We must presume the unreported testimony from the hearing would demonstrate an absence of

4

error by the trial court. (*Estate of Fain*, *supra*, 75 Cal.App.4th at p. 992.) It was Rahh's burden to provide an adequate record for review on appeal, and the failure to do so requires that any claim of error be resolved against him. (*Jameson, supra,* 5 Cal.5th at p. 609.) On this basis alone, we could affirm the trial court's ruling.

These deficiencies in the record are further compounded by Rahh's brief. Rahh does not address the merits of his request below in any meaningful way. He does not address the relevant legal standards or principles at issue. He also fails to provide any argument or legal authority establishing any abuse of discretion by the trial court. Instead, Rahh's brief is mostly comprised of ad hominem attacks against Robinson and factual assertions which have no basis in the record. (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 ["if it is not in the record, it did not happen"].) In the remainder of his brief, Rahh laments the education and reproductive rights afforded to "women in today's American society."

We conclude Rahh has forfeited any argument as to the merits of his request for joint legal and joint physical custody by failing to develop any cogent legal argument in his opening brief. (See *Limon v. Circle K Stores Inc.* (2022) 84 Cal.App.5th 671, 687; *Trinkle v. California State Lottery* (2003) 105 Cal.App.4th 1401, 1413; see also *Bunzl Distribution USA, Inc. v. Franchise Tax Bd.* (2018) 27 Cal.App.5th 986, 998.) This provides a separate and independent basis to affirm the trial court's order denying Rahh's request for joint custody.

## DISPOSITION

The order denying Rahh's request for joint legal and joint physical custody is affirmed.  Robinson is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

We concur:


COLLINS, Acting P. J.


MORI, J.

6