Filed 11/24/25  Soukhaseum v. Gido CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| SENG SOUKHASEUM, | B343581 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. Nos. 24STRO05008, 24STFL07845) |
| v. | |
| YVONNE GIDO, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Anne Kiley, Judge.  Affirmed.

Seng Soukhaseum, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1. Appellant Seng Soukhaseum appeals from an order in which the trial court: (1) granted respondent Yvonne Gido's request for a domestic violence restraining order against Soukhaseum, and (2) denied Soukhaseum's request for such an order against Gido. Soukhaseum contends that the evidence does not support the court's rulings, and that the court instead improperly relied on its own "subjective perceptions" of the parties during the hearing.

Both Soukhaseum and Gido testified at the hearing on their requests. The court entered into evidence photographs, documents, and the transcript of an audio recording. The court "considered the totality of the circumstances" "the demeanor of the parties" and "assessed the credibility of the parties." The court found Gido credible; more specifically, it found credible her testimony that Soukhaseum engaged in abusive behavior and that Gido was afraid. The court further noted that Soukhaseum had admitted to "many" of the instances of abusive behavior to which Gido had testified. The court concluded that Gido had met her burden of showing abuse sufficient to support her restraining order request, and that Soukhaseum had not met her burden with respect to her request.

Soukhaseum implies that it was improper for the court to consider the parties' demeanor in assessing their credibility and testimony. But this is precisely the role of the trial court; indeed, we must defer to such credibility assessments based on the court's firsthand observation of witnesses. (See *Martinez v. BaronHR, Inc.* (2020) 51 Cal.App.5th 962, 966-967.)

Soukhaseum next argues that the evidence does not support the court's findings, in part because the court ignored

evidence that contradicted Gido's version of events and supported Soukhaseum's. But Soukhaseum does not provide any citations to the record to support this characterization. It is an appellant's burden to affirmatively show error by providing and citing an adequate record to support her summary of the facts; otherwise, the point is forfeited. (See, e.g., *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) These rules of appellate procedure apply to appellants representing themselves on appeal. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121.) Soukhaseum has not met her burden and has thus forfeited her argument.

In any event, even if Soukhaseum had identified record support for her contention that other evidence contradicts Gido's testimony describing abuse by Soukhaseum, this would be insufficient to support reversal. We must affirm if any substantial evidence in the record—" 'contradicted or uncontradicted' "—supports the court's ruling. (*Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 571; see *Hasson v. Ford Motor Co.* (1977) 19 Cal.3d 530, 544 ["[w]e do not reweigh the evidence on appeal, but rather determine whether, after resolving all conflicts favorably to the prevailing party [citations], and according prevailing parties the benefit of all reasonable inferences [citation], there is substantial evidence to support the judgment"]; see also *RMR Equipment Rental, Inc. v. Residential Fund 1347, LLC* (2021) 65 Cal.App.5th 383, 392 ["[w]hen witnesses give conflicting factual accounts and the fact finder makes credibility assessments to resolve these conflicts, we defer to the fact finder's determinations"].) Gido's testimony, which the court deemed credible, provides such evidence.

## DISPOSITION

The order is affirmed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


M. KIM, J.

4